# RICHARD DAUGHERTY

## V.

# WILLIAM H. DIMENT, ET AL.

Record No. 871150

November 10, 1989

Present: Carrico, C.J., Compton, Stephenson, Russell, Thomas,* Whiting, and Lacy, JJ.

---

\* Justice Thomas participated in the hearing and decision of this case prior to the effective date of his resignation, November 1, 1989.

*William F. Krebs (Mary Startzman Wade; Stephenson & Balthrop*, on briefs), for appellant.

*Douglas E. Bywater (Tate & Bywater*, on briefs), for appellees William H. Diment and Evelyn E. Diment.

*Wayne F. Cyron* for appellee Patrice S. Fyda.

No brief or argument for appellees Harold O. Miller, Trustee, Brian M. O'Conner, Trustee, Douglas E. Bywater, Substitute Trustee, Lawrence LeGallo, Joan LeGallo, David Pitt and Robert J. Koreski.

Justice Compton delivered the opinion of the Court.

In this controversy arising from an installment land sales contract, we must determine whether the trial court correctly concluded that the free assignability clause of the contract did not conflict with the "due on sale" clause of a deed of trust.

The facts are undisputed. Prior to September 1981, appellees William H. Diment and Evelyn E. Diment, his wife, held record title to improved real estate in Reston. In order to finance the purchase of the property, the Diments had obtained a loan from Kissell-Virginia, Inc., and executed a deed of trust in favor of the lender.

On September 10, 1981, the transaction in question occurred. On that date, the Diments (hereinafter, the original sellers) executed an installment sales land contract with appellees Lawrence LeGallo, Joan LeGallo, David Pitt, and Robert J. Koreski (the LeGallo group) for the sale of the property.

Under the land contract, the LeGallo group agreed to purchase the property from the original sellers through an installment sale for the total purchase price of $102,500. The LeGallo group was to pay $12,000 cash at the time of possession with the balance paid in installments. Legal title to the property would not pass until final payment under the land contract.

Numerous documents were executed on the day the land contract was signed, including an escrow agreement, two promissory notes, and two deeds of trust. The escrow agreement provided that the original sellers would deliver a fully executed general warranty deed to an escrow agent. Upon receiving written evidence that the deed of trust to Kissell-Virginia had been paid in full and released of record, the escrow agent would record the deed and deliver it to the LeGallo group.

As required by the land contract, the LeGallo group executed simultaneously with the land contract two promissory notes as evi-

dence of their obligations to make the installment payments. The first note (note 1) was payable to the original sellers in the principal amount of approximately $46,800. The amount equalled the unpaid principal on the note given by the original sellers to Kissell-Virginia and was secured by a deed of trust (deed of trust 1) on the property. The terms of note 1 paralleled the terms of the Kissell-Virginia note by calling for monthly payments extending for the same period as the time remaining on that note.

The second note (note 2) in the principal amount of about $43,700 represented the balance of the purchase price after deducting the down payment and the amount of note 1. Note 2 required annual installment payments to the orginal sellers of not less than $10,000 of principal and interest beginning September 10, 1982 and was secured by a deed of trust (deed of trust 2) executed by the LeGallo group. Note 2 and deed of trust 2 contained "due on sale" clauses prohibiting assignment. For example, the deed of trust provided that if the property was sold or transferred without prior written consent, then: "Lender may, at Lender's option, declare all the sums secured by this Deed of Trust to be immediately due and payable."

In July and August 1984, by two virtually identical agreements, the LeGallo group assigned their right, title and interest in the realty to appellant Richard Daugherty. Paragraph 12 of the land contract, as pertinent, provided: "It is understood and agreed that the Purchaser may freely sell or assign his rights under this Agreement at any time or times."

Pursuant to the assignments, which we shall treat as one for clarity, Daugherty made monthly payments under note 1 to Kissell-Virginia. In September 1984, when the annual payment under note 2 was due, the assignee tendered $10,000 to the original sellers. They refused the payment. In November 1984, the original sellers gave notice to the LeGallo group that note 2 was being accelerated pursuant to the "due on sale" clauses of note 2 and deed of trust 2 because the group's interest in the property had been assigned without the original sellers' consent.

In April 1985, a foreclosure sale under deed of trust 2 was held and the property was purchased by the original sellers. In October 1985, they sold the property to appellee Patrice S. Fyda for $108,000.

The assignee brought this suit naming as parties defendant the original sellers, the trustees and a substitute trustee under deed of

trust 2, the LeGallo group, and Fyda, the ultimate purchaser. In an amended bill of complaint filed in November 1986, the assignee asked for specific performance of the land contract and damages for the alleged wrongful foreclosure. The assignee claimed that he was the equitable owner of the property pursuant to a valid assignment and that deed of trust 2 was "null and void" because it constituted a breach of his contractual rights.

The original sellers and the ultimate purchaser filed separate motions for summary judgment, which the trial court granted after argument of counsel. The court ruled that the "right to clearly assign and sell the property" was not "inconsistent with the 'due on sale' clause." The chancellor said that, under the disputed provisions, "the purchasers can freely sell and assign the property." Nevertheless, the court decided, unless the original sellers give their prior written consent to the assignment, they "have certain options they can exercise, mainly call the note due." We awarded the assignee this appeal from the July 1987 final decree dismissing the amended bill of complaint as to all defendants.

On appeal, the assignee contends the trial court erred in ruling that "consent was necessary to transfer rights" under the land contract, "when the land contract stipulated that it was freely assignable." Stating "it is well settled that contract rights and obligations are assignable" unless "restricted either by law or the parties themselves," the assignee argues that the land contract contained no limitations upon assignment. Instead, referring to specific provisions of the land contract, the assignee asserts that the parties affirmatively agreed to its free assignment. The assignee also says that despite the clear language of the land contract, the original sellers "unilaterally sought to block this assignment by declaring an acceleration" under note 2. By accelerating the obligations, the assignee urges, the original sellers "imposed costs and penalties on the assignment, thereby making the assignment not free." Finally, the assignee contends that the trial court erred in failing "to give priority to the land contract over the inconsistent terms contained in the deed of trust." We disagree with the assignee.

Where a business transaction is based upon more than one document executed by the parties, the documents will be construed together to determine the intent of the parties; each document will be employed to ascertain the meaning intended to be expressed by the others. *American Realty Trust* v. *Chase Man-*

*hattan Bank*, 222 Va. 392, 403, 281 S.E.2d 825, 830 (1981). In construing the documents as a whole, the court will not treat any word or clause as meaningless if any reasonable interpretation consistent with the other portions of the contract can be ascribed to it. *Ames* v. *American Nat'l Bank*, 163 Va. 1, 39, 176 S.E. 204, 216 (1934).

In the present case, the pertinent provisions of the documents in issue are clear and unambiguous. Therefore, contrary to the assignee's contention, there was no requirement that the chancellor consider parol evidence to aid in construction of the documents. Indeed, the assignee devotes most of his appellate argument to the language of the documents themselves, focusing on only the land contract to support his claim of inconsistency and irreconcilability.

The important document for the assignee, however, is the assignment agreement. That document, signed by the assignee, stated that "the property is encumbered by two deeds of trust in favor of the above seller." Furthermore, the assignment stated: "Daugherty hereby agrees to be liable for and to pay in accordance with the existing terms, the two deeds of trust and notes secured by the property that share which is the responsibility of the respective parties."

Therefore, the assignee not only was assigned rights under the land contract, he also incurred certain obligations, including the obligation to be bound by the terms of deeds of trust 1 and 2 on the property. And, deed of trust 2 contained a "due on sale" clause. Thus, the assignee agreed to be subject to the "due on sale" clause.

Additionally, as the trial court found, there is no inconsistency between the "due on sale" clause of the deed of trust and the clause permitting free assignability in the land contract. The LeGallo group, clearly agreeing that the property was burdened by the deed of trust, had the right under the land contract to make the assignment. The assignor was not required to obtain the consent of anyone. However, in the event of an assignment, the original sellers had certain rights that they could exercise at their option. One of those rights was the privilege to call note 2. But the "due on sale" clause in no way impeded the free assignability of the land contract.

Consequently, treating the respective clauses in issue as meaningful, we construe the documents together and harmonize

the provisions of the land contract, the note and deed of trust, and the assignment. This interpretation comports with a manifest purpose of such transactions: The original seller, who was extending credit to the purchaser-assignor (usually a known quantity) retained the option to evaluate the credit stability of an assignee (usually an unknown quantity) in order to decide whether to require the note's payment in full, to renegotiate new terms and conditions of the note and deed of trust, or to take no action at all.

■ For these reasons, we hold that the trial court did not err in refusing to grant specific performance of the land contract and in refusing to declare the deed of trust invalid as being in violation of the assignee's contract rights. Accordingly, the judgment below will be

*Affirmed.*