## CIRCUIT COURT OF CAMPBELL COUNTY

William H. Nichols

    v.

Progress Printing Co., Inc.

July 12, 1991

By JUDGE J. MICHAEL GAMBLE

The Court took under advisement whether the defendant should be liable to the plaintiff under the first cause of action or second cause of action after the trial on June 28, 1991. Under the first cause of action, the plaintiff maintained that he was wrongfully discharged for his hypertension disability in violation of the Virginia Rights of Persons with Disabilities Act. Under the second cause of action, he alleges breach of an employment contract.

The Court finds that hypertension is a disability that comes within the definition of disability under Section 51.5-3 of the Code of Virginia. The Court further finds that the plaintiff, Mr. Nichols, suffers from hypertension.

The reasoning of Judge Roy B. Willett of the Roanoke Circuit Court set forth in his opinion of June 7, 1989, with reference to AIDS cases is adopted for purposes of this decision.

Even though the Court finds that hypertension is an impairment which is protected by the Act, the Court does not believe that the plaintiff has proven that the "sole cause" of his dismissal was because of his hypertension. Section 51.5-41 prevents an employer from discriminating in employment practices solely because of a disability. In the instant case, the evidence by both parties clearly demonstrated that the reason why the plaintiff was dismissed was because of his personality clash with his supervisors. The supervisors of the plaintiff perceived that he had a poor attitude even though he generally did good work. The supervisors attributed this attitude to be from "stress" and not from hypertension. The evidence was ample that the defendant made every effort to allow the plaintiff to continue to work and be productive even though he suffered from hypertension. The reason for the discharge of the plaintiff was not hypertension but was purely a view by the defendant that the stress that the plaintiff imposed upon himself to perform good work was affecting his work attitude. This is set forth in plaintiff's Exhibit No. 4 where the defendant told the Virginia Employment Commission that the plaintiff was discharged because of stress resulting from his desire to do good work.

An analogous code provision is § 65.1-40.1 concerning the discharge of employees solely because the employee has filed for Workers' Compensation. Under that code section, a right of action is granted only if the *sole* reason for the discharge was the filing of a claim for Worker's Compensation benefit.

The Court finds that the defendant is liable to the plaintiff under the second cause of action. The second cause of action is a contract claim which is based primarily on the Employee Handbook of the defendant. The Employee Handbook was given to the plaintiff at the time he was hired. It was annotated by the handwriting of Gail Roussos, the Personnel Manager. Also, the handbook had the corporate name of Progress Printing Co., Inc., and a letter from Thomas D. Thornton, its President, on page three. A few days after the handbook was given to the plaintiff, Gail Roussos gave to the defendant another document. This was signed by Mrs. Roussos and the plaintiff. It incorporated the Employee Handbook.

The defendant argued that the Employee Handbook did not satisfy the statute of frauds (Section 11-2 of the Code of Virginia) and therefore could not constitute a contract; or on the other hand, that the document dated February 2, 1987 (Defendant's Exhibit No. 1) created a contract at will between the parties that could be terminated at any time.

Section 11-2 of the Code of Virginia provides that an agreement can be outside of the statute of frauds if "a promise, contract . . . or some memorandum or note thereof, is in writing and signed by the party to be charged or his agent." In the instant case, the Court finds that Plaintiff's Exhibit No. 2, the Employee Handbook, is a sufficient memorandum signed by the parties to be outside of the statute of frauds. The face page provides the name of the firm, "Progress Printing Co., Inc." Additionally, there is a letter from Thomas D. Thornton, its President, on page three. Further, the agreement dated February 2, 1987 (Defendant's Exhibit No. 1) is signed by the personnel director of the defendant and it incorporates the Employee Handbook. Certainly, this document constitutes a signature of the corporation which incorporates the handbook as part of the contract.

The Fourth Circuit Court of Appeals has held that a printed or typed signature of a corporation is sufficient to constitute a signature. *Ross v. Lifetime Doors, Inc.*, 810 F.2d 1276 (4th Cir. 1988). This case did not involve Section 11-2 (as the instant case) but involved the interpretation of § 8.2-201, a very similar statute of frauds provision under the Virginia Commercial Code. In *Ross v. Lifetime Doors, Inc., supra*, the Court held that a trademark on sale brochures was sufficient to authenticate the signature of the Corporation to satisfy the statute of frauds. In the instant case, there was much more than a trademark to authenticate the Employee Handbook.

Defendant's Exhibit No. 1 provides that the employment relationship with the defendant and the plaintiff is "at will and may be terminated by either party at any time." However, the document also incorporates the Employee Handbook (Plaintiff's Exhibit No. 2), which does not allow the defendant to discharge its employees without just cause and requires at least one warning notice in writing, except for certain specified reasons (page 23). Accordingly,

there is an obvious ambiguity in the provisions of the document dated February 2, 1987, and page 23 of the Employee Handbook.

A contract will be construed more strictly against a party who prepared it. *Winn v. Aleda*, 227 Va. 304, 307 (1984); *Graham v. Commonwealth*, 206 Va. 431, 435 (1965); and *Worrie v. Boze*, 191 Va. 916, 924 (1951).

In *Daughtery v. Diment*, 238 Va. 520 (1989), the Supreme Court of Virginia held that where a transaction is based on more than one document, the documents will be construed together to determine the intent of the parties. Further, the Court stated that in construing the documents, the Court will not treat any word or clause as meaningless if any reasonable interpretation consistent with the other portions of the contract can be ascribed to it. In the instant case, the Employee Handbook and the agreement dated February 2, 1987, are consistent when read in light of the thirty day probationary status for all employees set forth on page 6 of the employee handbook. There all employees are employees at will during the first thirty days. Therefore, the agreement dated February 2, 1987, and the Employee Handbook can be read together as a consistent document. This, of course, is the interpretation that the plaintiff placed upon these two documents. Because the defendant was the author of both documents, the construction of the plaintiff must be given more weight. Further, this construction does reconcile the two documents.

Under the evidence, it was clear that the plaintiff was terminated because his perceived stress affected his attitude towards his work. This means that the company had to provide him with at least one written warning and dismiss him for cause. The company did not do this, and accordingly, it breached its contract with the plaintiff.

Plaintiff's Exhibit No. 7 sets forth the damages claimed by the plaintiff. The Court does not believe that the plaintiff established overtime loss in the amount of $760.95 under Subsection I(B), or overtime loss in the amount of $171.36 under Subsection I(D). Additionally, the Court does not believe that the plaintiff is entitled to life insurance under Subsection II(B), profit sharing for 1990 under Subsection II(C), or a bonus for 1990 under Subsection II(D). Therefore, the Court finds that the plaintiff's damages are in the amount of $9,500.00 consist-

ing of salary loss under I(A) and I(C), medical insurance under II(A), 1989 profit sharing under II(C), and 1989 bonus under II(D).

The Court granted the Motion to Strike as to the third cause of action under the motion for judgment because there is no duty of good faith and fair dealing under the law of the State of Virginia. To create such a duty with reference to an employment contract would circumvent and undermine the employment at will doctrine in effect in the State of Virginia.

The Court granted the Motion to Strike under the fourth cause of action and the fifth cause of action because the Court did not think that fraud or misrepresentation had been established by clear and convincing evidence. Further, the Court did not believe that it had been proven by clear and convincing evidence that there had been a present misrepresentation of facts upon which the plaintiff relied.