## CIRCUIT COURT OF NELSON COUNTY

Carolyn L. Newman

    v.

Medical Facilities of America

August 15, 1992

Case No. (Law) 1900

By JUDGE J. MICHAEL GAMBLE

I have taken under advisement the demurrer filed by the Defendant in the above-styled mater. This is an action by the Plaintiff wherein she seeks damages for her alleged wrongful discharge by the Defendant. The Plaintiff was employed as a Dietary Director at the Lovingston Health Care Center from February 18, 1991, until October 9, 1991. The Motion for Judgment alleged that she was discharged by the Center Administrator on October 9, 1991, for a "poor attitude."

In Count I of the Motion for Judgment, the Plaintiff alleges breach of an employment contract based upon the employee handbook. Count II alleges that she was the victim of a retaliatory discharge in violation of public policy.

The Plaintiff was given a copy of the employee handbook on the date of her employment, February 18, 1991. She also signed a receipt for the handbook on February 18, 1991. The second paragraph of the receipt states the following:

> I understand that my employment is mutually terminable at will. This handbook is not intended to create any contractual rights in favor of the company or me. The company reserves the right to change the terms of the handbook at any time.

Additionally, on February 18, 1992, the Plaintiff signed a "handbook addendum for department heads." The first paragraph of this addendum stated the following:

All faculty department heads are employed at the discretion of the Administrator.

The employee handbook sets forth a progressive procedure for employment disciplinary matters. The book specifically states that upon receipt of four written notices in any consecutive twelve-month period, the employee will be terminated. Further, the book provides a grievance procedure for the employees.

In Count II of her Motion for Judgment, the Plaintiff alleges that she reported certain incidents to the Center Administrator and that she was discharged for reporting these incidents. According to the allegations in Count II, the Plaintiff claims that she was terminated in violation of public policy for reporting these incidents to the Center Administrator.

The Defendant demurred to the Motion for Judgment on both counts. On Count I, the Defendant maintains that the Plaintiff was an employee at will and therefore could be discharged at any time. With respect to Count II, the Defendant maintains that the Plaintiff has failed to allege any state law defining a public policy upon which she predicates her claim for discharge in violation of public policy.

The Court will address first the issue of whether a claim has been stated upon which relief can be granted under Count I where it is alleged that she was discharged in violation of an employment contract created by the employee handbook.

Virginia follows the common-law rule that when the duration of a contract for services cannot be determined, then either party may terminate the contract at will. *Miller v. SEVAMP, Inc.*, 234 Va. 462, 465, 362 S.E.2d 915 (1987); *see also Bowman v. State Bank of Keysville*, 229 Va. 534, 535, 331 S.E.2d 797 (1985). In *Miller v. SEVAMP*, the Supreme Court of Virginia further held that where "no specific time is fixed for the duration of employment, there is a rebuttable presumption that the hiring is terminable at will." *Id.* at 465.

In the instant case, the Plaintiff was hired on February 18, 1991. On that same date, she received the handbook, signed the receipt for the handbook, and signed the handbook addendum for the department heads. Each of the three written documents that she received must be read in conjunction with the other. Both the receipt and the addendum clearly indicate that the Plaintiff was employed at will. Further, even the handbook at page 8 states that "employment may

be mutually terminated at will by either employee or employer." Thus it is clear even accepting all allegations in the Motion for Judgment as true that the Plaintiff has not stated a claim for which relief can be granted under Count I of the Motion for Judgment. For all of the reasons stated by the Defendant in its opening memorandum in support of the demurrer, the case of *Nichols v. Progress Printing Co., Inc.*, 24 Va. Cir. 301 (1991), is distinguishable. In *Nichols*, the receipt was signed many days after the Plaintiff had received the handbook. Also, the handbook did not provide that employment may be terminated at will by the employee or the employer as in the instant case. Further, there was no language which would indicate that the at-will provision was confined to a probationary period in the instant case as there was in *Nichols*. Last, in *Nichols*, the receipt signed by the employee was highly ambiguous and appeared to incorporate the provisions of the handbook.

Accordingly, the demurrer to Count I is granted, and Count I is dismissed.

In *Bowman v. State Bank of Keysville*, 229 Va. 534, 539–40, 331 S.E.2d 797 (1985), the Supreme Court of Virginia established a narrow exception to the employment at will rule and held an employer liable in tort for the discharge of two stockholder employees who had exercised their statutory right to vote their corporate stock. As noted in *Miller v. SEVAMP, Inc.*, 234 Va. 462, 467–468, 362 S.E.2d 915 (1987), *Bowman* "fell far short of recognizing a generalized cause of action for the tort of "retaliatory discharge." The Court in *Miller v. SEVAMP, Inc.*, further stated:

> *Bowman* recognized an exception to the employment-at-will doctrine limited to discharges which violate the public policy, that is, the policy underlying existing laws designed to protect property rights, personal freedoms, health, safety, or welfare of people in general . . . . The exception we recognized was not so broad as to make actionable those discharges of at-will employees which violate only private rights or interest. 234 Va. at 468.

Other courts and commentators have generally construed *Bowman* to have established a cause of action which is an exception to the employment-at-will doctrine which is "triggered only when the discharge is in response to the employee's refusal to commit an unlawful act or the employee's exercise of a statutory right." *Haigh v.*

*Matsushita Elec. Corp. of America*, 676 F. Supp. 1332 (E.D. Va. 1987).

In the instant case, the specific allegations of Count II do not allege that the Plaintiff was discharged either in the exercise of a statutory right or the refusal to commit an unlawful act. Page 4 of the Motion for Judgment lists five complaints that the Plaintiff made to the Center Administrator. None of these rise to the "exercise of a statutory right," and none of these could be construed as the refusal to perform an unlawful act.

In its memorandum in response to the demurrer, the Plaintiff lists several general statutes and regulations that may impose a duty on the operator of health care facilities such as that of the Plaintiff. Nonetheless, even though some of the matters of which the Plaintiff complained to her supervisor may come within the general scope of the statute or regulation, they do not rise to the level of the exercise of a statutory right by the Plaintiff. Accordingly, the demurrer is sustained as to Count II, and Count II is dismissed.