## CIRCUIT COURT OF FAIRFAX COUNTY

Vaughan

v.

DynCorp et al.

January 5, 1994

Case No. (Law) 126349

By Judge Stanley P. Klein

On October 22, 1993, this Court sustained Defendants' ("DynCorp") Demurrer to Count I (Tortious Interference/Civil Conspiracy) of Plaintiff's original Motion for Judgment and granted Vaughan leave to amend his original Motion for Judgment with respect to all four Counts. On November 1, 1993, Vaughan filed an Amended Motion for Judgment and DynCorp has filed a Demurrer in response. By agreement of counsel, the Court did not invite further oral argument and took this matter under advisement. This Court has considered the parties' memoranda and the authorities cited therein. For the reasons set forth hereinafter, DynCorp's Demurrer is sustained as to Count I (Tortious Interference/Civil Conspiracy), overruled as to Counts II (Breach of Contract) and III (Fraud), and sustained as to Count IV (Wrongful Discharge).

### I. Count I: Tortious Interference/Civil Conspiracy

This Court originally sustained DynCorp's Demurrer to Count I on the grounds that Count I failed to sufficiently notify DynCorp of the nature of the claim being pursued, either tortious interference with an at-will employment contract or common law conspiracy to procure the breach of contract. See CaterCorp, Inc. v. Catering Concepts, Inc., 246 Va. 22, 24 (1993); see also Bowman v. State Bank of Keysville, 229 Va. 534, 540-541 (1985) (discussing the civil conspiracy theory of recovery as discussed in Worrie v. Boze, 198 Va. 533, 540 (1956)).

In addition to Vaughan's failure to notice DynCorp of the nature of the claim he was asserting in Count I, Vaughan's allegations were only con-

clusory in nature and failed to plead factual allegations sufficient to survive Demurrer on either theory of recovery. Vaughan's conspiracy theory was only supported by "mere conclusory language" and his allegations of improper methods also failed to plead facts sufficient to survive Demurrer. *See Bowman* at 541; *Duggin v. Adams*, 234 Va. 221, 226-227 (1987) (allegations of improper methods necessary when alleging tortious interference with an at-will employment contract).

Vaughan has not amended his allegations in Count I of his Amended Motion for Judgment. Since twenty-one days have passed since the entry of this Court's October 22, 1993, order sustaining DynCorp's original Demurrer to Count I and allowing only ten days for leave to amend, Count I stands as dismissed.

## II. *Count II: Breach of Contract and Count III: Fraud*

With respect to Vaughan's breach of contract and fraud claims, DynCorp argues that since the contract at issue constitutes an at-will employment contract, Vaughan cannot maintain theories of recovery based on either contract or fraud principles. Nonetheless, this Court finds the Supreme Court's opinion in *Sea-Land Service, Inc. v. O'Neal*, 224 Va. 343 (1982), sufficiently factually analogous to enable Counts II and III to survive DynCorp's objections at least at the Demurrer stage of these proceedings.

In *Sea-Land*, the employer promised its employee that if she resigned from her current position she would be rehired in another. *Id.* at 349. The Court reasoned that the promise to re-employ her in another position, "was an undertaking separate and apart from any contract covering the particular position involved and was not subject to any presumption of terminability at will." *Id.* In addition, the Court noted that "while Sea-Land may have had the right to terminate O'Neal's employment contract . . . the company did not dismiss her this way." *Id.* While two subsequent Supreme Court decisions have factually distinguished *Sea-Land*, they have not cast doubt on its validity. *See Sartin v. Mazur*, 237 Va. 82 (1989) (where plaintiff resigned from employment with a different employer); *Addison v. Amalgamated Clothing Workers*, 236 Va. 233, 236 (1988) (holding *Sea-Land* "clearly inapplicable" to the particular facts of that case). Vaughan has alleged facts sufficient to place DynCorp on notice that a *Sea-Land* theory of recovery is being pursued. Vaughan alleges that the parties entered into an employment transfer agreement that would have entitled Vaughan to a comparable position had DynCorp performed its part

of the bargain. DynCorp could have simply terminated Vaughan's employment; however, as with the employer in *Sea-Land*, the company did not choose to proceed this way. DynCorp's Demurrer as to Count II (Breach of Contract) and Count III (Fraud) is overruled.

DynCorp also argued on brief that (1) Vaughan failed to allege adequate consideration in support of his breach of contract theory and (2) the Statute of Frauds barred enforcement of the alleged oral just-cause employment contract. This Court also finds, contrary to DynCorp's assertions, that adequate consideration was properly alleged in Vaughan's Amended Motion for Judgment. Furthermore, DynCorp's Statute of Frauds argument rests solely on the underlying assumption that the contract at issue is best characterized as an oral just-cause employment contract. Having found that Vaughan sufficiently alleged a *Sea-Land* transfer agreement, not an oral just-cause employment contract, DynCorp's proffer of decisions that oral just-cause employment contracts are unenforceable under the Virginia Statute of Frauds do not control the disposition of the issues presented here. Vaughan persuasively argued that the transfer agreement could easily have been performed by both parties well within the Statute's one year period if DynCorp had not breached the alleged transfer agreement. At this stage of these proceedings, this Court finds that DynCorp's Statute of Frauds argument does not bar Vaughan's breach of contract theory.

With respect to Vaughan's fraud claim, this Court does not intend to establish as the law of the case, that *detrimental* reliance has been adequately *proven*. At the Demurrer stage of these proceedings, this Court only holds that Vaughan has sufficiently alleged facts to notice DynCorp of Vaughan's potential theory of recovery in fraud. *See CaterCorp, supra.*

### III. *Count IV: Wrongful Discharge*

Finally, Vaughan argues that pursuant to *Bowman v. State Bank of Keysville*, 229 Va. 534, 539 (1985), a public policy exception to the employment at will doctrine should be created under the factual circumstances presented in this case. Specifically, Vaughan argues that DynCorp's termination of Vaughan's employment contract in response to his refusal to release DynCorp from liability arising out of his removal was violative of Virginia public policy as embodied in Article I, Section 11, of the Virginia Constitution and Title 8.01 of the Virginia Code. Those provisions generally address deprivations of private property interests.

This Court holds that the general Constitutional provisions cited by Vaughan and the very general Virginia Code citation do not support a

*Bowman* claim. *See e.g. Newman v. Medical Facilities of Am.*, 28 Va. Cir. 501, 504 (Nelson Co. 1992) (suggesting that general regulations and laws are insufficient to support a *Bowman*-type claim). The examples of *Bowman* claims cited in the *Bowman* decision itself belie Vaughan's position that general laws may support a *Bowman* theory of recovery. *See Bowman* at 539-540. Moreover, the *Bowman* exception is narrow and "it fell far short of recognizing a generalized cause of action for the tort of 'retaliatory discharge'." *Miller v. SEVAMP, Inc.*, 234 Va. 462, 467-468 (1987). As the Supreme Court has stated, "[t]he exception we recognized was not so broad as to make actionable those discharges of at will employees which violate only private rights or interests." *Id.* To create a *Bowman* exception under the particular facts of this case would necessarily eviscerate the employment at will doctrine. DynCorp's Demurrer to Count IV is sustained and Count IV is dismissed.