COURT OF APPEALS OF VIRGINIA


Present: Judges Bumgardner, Humphreys and Clements
Argued at Richmond, Virginia


MICHAEL ALAN MARKS
                                              OPINION BY
v.   Record No. 0222-00-4      JUDGE JEAN HARRISON CLEMENTS
                                            JULY 17, 2001
KAREN MICHAEL MARKS


             FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      R. Terrence Ney, Judge

         James Ray Cottrell (Kyle F. Bartol; Gannon,
         Cottrell & Ward, P.C., on briefs), for
         appellant.

         David D. Masterman (Condo & Masterman, P.C.,
         on brief), for appellee.


     Michael A. Marks (husband) appeals the decision of the

trial court affirming an arbitrator's award of certain payments

to Karen M. Marks (wife).  On appeal, husband contends the trial

court erred by confirming the arbitrator's decision despite

numerous errors by the arbitrator, including (1) failing to

apply Virginia law, (2) granting wife a greater share of the

marital estate than warranted under the parties' antenuptial

agreement, (3) misinterpreting the antenuptial agreement as to

the parties' marital residence, (4) relying on numerous

mathematical miscalculations, (5) failing to apply the statutory

guideline amount of child support without adequate reason for

deviation, (6) improperly requiring husband to pay educational

expenses for the parties' child beyond those authorized by Virginia law and the terms of the antenuptial agreement, (7) requiring husband to pay all marital liabilities of the parties, and (8) awarding attorney's fees to wife.[1]

In her response, wife contends husband's appeal is without merit because it is procedurally barred. Wife also seeks an award of her appellate costs and attorney's fees. We conclude that, because husband failed to properly raise his challenge to the arbitration award before the trial court, he is foreclosed from raising these issues on appeal. We, therefore, affirm the trial court's decision. Furthermore, because husband's appeal is unjustified, we award wife reasonable appellate costs and attorney's fees and remand this matter to the trial court for determination of those costs and fees.

## I. PROCEDURAL BACKGROUND

Prior to their marriage, the parties entered into an antenuptial agreement. In that agreement, the parties provided for future dispute resolution as follows:

> Should [husband] and [wife] have difficulty implementing this agreement they will put all disputed matters before a mediator for voluntary resolution. Should this prove unsuccessful, the disputed items will be put before an arbitrator for a final

---

[1] Husband also contends the trial court "further erred in making its own award of attorney's fees to the wife and in failing to award fees and costs to the husband." We will not consider this issue, however, because husband failed to address it on brief or in oral argument. See Quintana v. Commonwealth, 224 Va. 127, 134 n.1, 295 S.E.2d 643, 645 n.1 (1982).

determination.  If there is any problem selecting a mediator or arbitrator, the parties will request that the American Arbitration Association appoint one.

The parties further provided in the antenuptial agreement that the agreement was to be "interpreted under the laws of Virginia."

The parties, who had one child, separated for the last time on September 13, 1998, and wife filed for divorce on September 18, 1998.  She attached the antenuptial agreement to the bill of complaint and requested the marital property be divided in accordance with the terms of that agreement and that she be granted all other appropriate relief consistent with the parties' antenuptial agreement.

Difficulties implementing the antenuptial agreement arose. The parties attempted mediation, but that proved unsuccessful. Pursuant to the terms of their antenuptial agreement, the parties entered into arbitration.  After conducting a three-day hearing, the arbitrator issued his award on September 21, 1999. That award was officially mailed to the parties by the American Arbitration Association on September 24, 1999.

On October 1, 1999, wife filed a motion for confirmation of the arbitration award pursuant to Code § 8.01-581.09.  On October 7, 1999, husband filed a motion to "reduce and/or abate the support provisions under the terms of the [a]rbitrator's award" based on a material change of circumstances and a motion

to reconsider the award, in which husband "move[d] that the [a]rbitrator reconsider[] the award."  The trial court denied husband's motion for a reduction in child support by order of October 15, 1999, but did not address in that order husband's motion to reconsider the arbitrator's award.  No hearing was held on husband's motion to reconsider, and no ruling was ever made or action taken thereon by the court.  By order entered October 8, 1999, the trial court ordered husband to convey the marital home to wife, in accordance with the award of the arbitrator, and continued to a later date the remainder of wife's motion for confirmation of arbitration award.  Counsel for husband endorsed the order as "Seen and Objected to delay in confirmation."

On October 20, 1999, wife filed another motion for confirmation of the arbitration award.  On November 5, 1999, the trial court entered an order confirming the arbitrator's award. The order was endorsed by counsel for husband as

> Seen and Excepted to as to the confirmation
> of the award and exception as to the amount
> of time to make payments.  Exception as to
> the amount of child support and exception of
> [sic] amount of time support is to be paid.
>
> *Exception further as to the award of
> college and graduate school education.

In a final decree of divorce a vinculo matrimonii entered on December 30, 1999, the trial court ordered that its order entered November 5, 1999, confirming the arbitrator's award,

"remain in full force and effect" and ordered the parties "to comply with the terms thereof."  The trial court further integrated the provisions of the arbitration award in its orders in the final decree of divorce concerning the payment by husband of child support and child care expenses, the payment by husband of child's educational expenses through graduate school, and the amount of husband's arrearages for unpaid child support payments and child care expenses.  Husband's counsel, in endorsing the final decree of divorce, attached a list of nineteen exceptions to the final decree of divorce, including the following that pertain to the arbitration award:

> 3.  Defendant objects and excepts to the court's interlocutory order of November 5, 1999 confirming the award of the arbitrator and the arbitration award.
>
> 4.  Defendant objects and excepts to the award of the arbitrator on grounds that the arbitrator exceeded the scope of arbitration by failing to apply the laws of the Commonwealth of Virginia with respect to the interpretation and enforcement of those provisions of the pre-nuptial agreement pertaining to child support.
>
> 5.  Defendant objects and excepts to the award of the arbitrator on grounds that the award exceeded the provisions of the pre-nuptial agreement, including the determination of the award of damages and the determination of property division in an amount that exceeded 50% of the property subject to division under the express terms of the agreement.
>
> 6.  Defendant objects and excepts to the award of the arbitrator on grounds that the arbitrator's award failed to correctly

interpret the pre-nuptial agreement with respect to the identity of the residence that was the subject of the agreement, and failed to credit defendant's greater contributions to the second residence, and failed to sustain the waiver of the complainant to the proceeds of the first resident.

7.   Defendant objects and excepts to the award of the arbitrator due to numerous mathematical errors made in calculating the amounts due each party, and the failure of the arbitrator to correct such errors when brought to the arbitrator's attention, and the court's failure to correct such errors when the award of the arbitrator was presented for confirmation.

8.   Defendant objects and excepts to all awards of attorneys fees made by the court and by the arbitrator.

9.   Defendant objects and excepts to the denial of the defendant's claims in arbitration.

10.   Defendant objects and excepts to the arbitrator's decision that the defendant pay marital liabilities of the parties.

11.   Defendant objects and excepts to all monetary awards made to the complainant in arbitration.

12.   Defendant objects and excepts to the failure of the arbitrator and the court in confirming the arbitrator's award to apply the Virginia state child support guidelines in determining child support.

13.   Defendant objects and excepts to the arbitrator's determination that the defendant be required to pay educational costs beyond the child's high school education as a violation of Virginia law.

16.  Defendant objects and excepts to the failure of the court to award his legal, accounting, and arbitration fees.

18.  Defendant hereby preserves all objections made and noted in all prior proceedings, at the arbitrations, and on the prior interlocutory orders rendered by the court in this cause.

It is from the final decree of divorce that husband now appeals.

## II.  APPEALABILITY OF ARBITRATOR'S DECISION

Husband contends on appeal that the trial court erred in confirming the arbitration award because the award contained numerous errors by the arbitrator, as memorialized in husband's above-noted exceptions to the trial court's final decree of divorce.  Wife contends that, because husband failed to properly raise his challenge to the arbitration award before the trial court, he may not now be heard on the issues he raises on appeal.  We agree with wife's contention.

The parties in this case entered into a valid and binding antenuptial agreement.  According to the terms of that agreement, the parties agreed to have any unresolved disputes related to their antenuptial agreement remedied through arbitration.  They also agreed that the interpretation of their antenuptial agreement would be governed by Virginia law.

In Virginia, a "trial court's review of an arbitration award is governed by specific statutory criteria," and "the party attacking an arbitrator's award bears the burden of

proving the invalidity of the award." Trustees of Asbury United Methodist Church v. Taylor & Parrish, Inc., 249 Va. 144, 153, 452 S.E.2d 847, 852 (1995). The Uniform Arbitration Act, as adopted in Code §§ 8.01-581.01 et seq., provides the exclusive means for challenging errors in the award by the arbitrator and sets forth the procedures for obtaining judicial review and confirmation of the arbitration award. Cf. Decker v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 205 F.3d 906, 909 (6th Cir. 2000) (observing that Federal Arbitration Act [which, we note, is substantially similar in pertinent parts to Virginia's Uniform Arbitration Act] provides exclusive remedy for challenging acts that taint an arbitration award subject to that Act).

Thus, in choosing to have Virginia law govern their arbitration agreement, the parties effectively consented to be bound by the rules of the Uniform Arbitration Act. See C & L Enterprises, Inc. v. Citizen Band Potawatomi Indian Tribe of Okla., 121 S. Ct. 1589, 1595 (2001) (noting that parties who selected Oklahoma law to govern their arbitration agreement consented to confirmation of the award in accordance with the Oklahoma Uniform Arbitration Act). Accordingly, once the arbitrator rendered his decision in this case pursuant to the parties' valid agreement to arbitrate their disputes, the arbitration award was binding on the parties unless they properly and successfully availed themselves of the review

provisions of the Uniform Arbitration Act.  Cf. Decker, 205 F.3d

at 909.  Code §§ 8.01-581.08, 8.01-581.010, and 8.01-581.011

provide the sole mechanisms in the Uniform Arbitration Act for

challenging errors in the award.

Code § 8.01-581.08, entitled "Change of award by

arbitrators," provides, in pertinent part, as follows:

> On application of a party or, if an
> application to the court is pending under
> §§ 8.01-581.09, 8.01-581.010 or
> § 8.01-581.011, on submission to the
> arbitrators by the court under such
> conditions as the court may order, the
> arbitrators may modify or correct the award
> upon the grounds stated in subdivisions 1
> and 3 of § 8.01-581.011, or for purposes of
> clarifying the award.  The application shall
> be made within twenty days after delivery of
> the award to the applicant. . . .  The award
> as modified or corrected is subject to the
> provisions of §§ 8.01-581.09, 8.01-581.010
> or § 8.01-581.011.

If no such application is made within twenty days, "the

arbitrator has no further authority over the award."  Waterfront

Marine Constr., Inc. v. North End 49ers Sandbridge Bulkhead

Groups A, B & C, 251 Va. 417, 429, 468 S.E.2d 894, 901 (1996).

Code § 8.01-581.010, entitled "Vacating an award," provides

that,

> [u]pon application of a party, the court
> shall vacate an award where:
>
> 1.  The award was procured by corruption,
> fraud or other undue means;
>
> 2.  There was evident partiality by an
> arbitrator appointed as a neutral,
> corruption in any of the arbitrators, or

misconduct prejudicing the rights of any
party;

3.   The arbitrators exceeded their powers;

4.   The arbitrators refused to postpone the
hearing upon sufficient cause being shown
therefor or refused to hear evidence
material to the controversy or otherwise so
conducted the hearing, contrary to the
provisions of § 8.01-581.04, in such a way
as to substantially prejudice the rights of
a party; or

5.   There was no arbitration agreement and
the issue was not adversely determined in
proceedings under § 8.01-581.02 and the
party did not participate in the arbitration
hearing without raising the objection.

The fact that the relief was such that it
could not or would not be granted by a court
of law or equity is not grounds for vacating
or refusing to confirm the award.

Under Code § 8.01-581.010, the party seeking to vacate the

award must apply to the court within ninety days after delivery

of a copy of the award, or, if based upon fraud, within ninety

days after such grounds are known or reasonably should have been

known.  The application to vacate the award "shall be made by

filing a petition with the appropriate court within the

prescribed time limits of this section, or by raising reasons

supporting vacation in response to another party's petition to

confirm the award, provided that such response is filed within

the prescribed time limits of this section."  Id.  "If the

application to vacate is denied and no motion to modify or

correct the award is pending, the court shall confirm the award."  Id.

Under Code § 8.01-581.011, entitled "Modification or correction of award," a party seeking to challenge the arbitration award may also apply to the court within ninety days after delivery of the award to the party to have the court modify or correct the award under the following limited circumstances:

> 1.  There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;
>
> 2.  The arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or
>
> 3.  The award is imperfect in a matter of form, not affecting the merits of the controversy.

The statute further provides that, if the application to modify or correct the award is granted,

> the court shall modify and correct the award so as to effect its intent and shall confirm the award as modified and corrected. Otherwise, the court shall confirm the award as made.
>
> An application to modify or correct an award may be joined in the alternative with an application to vacate the award.

Id.

Under the Uniform Arbitration Act, applications to the court must be "by motion and shall be heard in the manner and upon the notice provided by law or rule of court for the making and hearing of motions."  Code § 8.01-581.013.

In this case, the arbitration award was submitted to the parties on September 24, 1999.  Neither party made a direct application to the arbitrator for a modification or correction of the award under Code § 8.01-581.08.  Wife filed a motion in the circuit court on October 1, 1999, for confirmation of the arbitration award under Code § 8.01-581.09.[2]  On October 7, 1999, husband filed a pleading in the circuit court that consisted of two motions:  a motion for reduction or abatement of the support provisions in the arbitration award because he had been terminated from his employment "since the date of [the] award" and a motion to reconsider the arbitration award, in which husband moved solely that the arbitrator reconsider the award for the reasons listed in the motion.

---

[2] Code § 8.01-581.09, entitled "Confirmation of an award" reads as follows:

> Upon application of a party any time after an award is made, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in §§ 8.01-581.010 and 8.01-581.011.

While the motion to reconsider did not cite Code § 8.01-581.08 or contain a request that the trial court submit the motion to the arbitrator "under such conditions as the court may order," the reasons listed in the motion to reconsider were, according to husband's characterization in the motion, all "computational errors" that "should be corrected upon reconsideration by the arbitrator." Some of the grounds included in the motion, however, plainly were outside the scope of subdivisions (1) and (3) of Code § 8.01-581.011. Nevertheless, regardless of whether the grounds listed in the motion to reconsider were subject to reconsideration by the arbitrator under Code § 8.01-581.08, we find nothing in the record that indicates the motion for reconsideration was ever considered by the court or arbitrator.

The trial court denied husband's motion for a reduction in child support by order of October 15, 1999, but did not address in that order husband's motion to reconsider the award. No hearing was apparently ever requested by husband or held on husband's motion to reconsider, and no ruling was ever made or action taken thereon by the court. Certainly, the record fails to show that the motion was ever submitted by the trial court to the arbitrator. It is clear from the record that husband obtained no relief from the arbitrator from his motion, as the arbitration award remained unchanged. We find, therefore, that husband did not exercise the option provided for in Code

§ 8.01-581.08 for challenging the alleged errors by the arbitrator in the award.

Hence, husband's remedy for attacking errors by the arbitrator in the arbitration award was confined to obtaining judicial review by filing a motion to vacate the award under Code § 8.01-581.010 and/or a motion to modify or correct the award under Code § 8.01-581.011. Absent such a timely application under one or both of those sections, the award would be binding on the parties and the trial court would be required, in light of wife's motion for confirmation of the award, to confirm the award under Code § 8.01-581.09 and then enter a decree in conformity with the award under Code § 8.01-581.012.[3]

Because the allegations of the arbitrator's wrongdoing raised by husband in his exceptions to the trial court's final decree of divorce, and on appeal, fell within the purview of Code §§ 8.01-581.010 and 8.01-581.011, the issues raised by husband on appeal could have been resolved by a timely and proper application to the trial court for vacation and modification or correction of the arbitration award under those sections. Our review of the record, however, convinces us that husband did not make such a timely and proper application to the

_____

[3] Code § 8.01-581.012 provides, in pertinent part, that, "[u]pon granting an order confirming, modifying or correcting an award, a judgment or decree shall be entered in conformity therewith and be docketed and enforced as any other judgment or decree."

trial court for judicial review of those issues.[4] Indeed, in the ninety days following delivery of the arbitrator's award to the parties, husband filed no pleadings in the trial court pertaining to the alleged errors in that award except, as previously noted, the October 7, 1999 motions for reduction or abatement of the support provisions in the arbitration award and to have the arbitrator reconsider certain "computational errors" in the arbitration award. Neither of those motions constituted a proper application to the court for vacation of the arbitration award under Code § 8.01-581.010 or for modification or correction of the arbitration award by the trial court under Code § 8.01-581.011.

No motion to vacate, modify, or correct the arbitration award having been filed by husband, the trial court entered an order confirming the arbitrator's award on November 5, 1999. On December 23, 1999, more than ninety days after delivery of the award to the parties, the trial court entered a final decree of divorce in conformity with the award. Husband then appealed from the final decree of divorce.

We conclude that, despite having consented by express contract to be bound by the dispute resolution procedures set forth in the Uniform Arbitration Act, husband failed to abide by those procedures for challenging errors by the arbitrator in the

---

[4] Counsel for husband conceded as much at oral argument.

arbitrator's award and for obtaining judicial review of that award.  We hold, therefore, that, because he failed to comply with the Uniform Arbitration Act's statutory provisions for challenging the arbitration award in the trial court, husband forfeited his right to appellate review of the award on the grounds he raises on appeal.  He is, therefore, precluded from renewing his challenge to the arbitration award on appeal, and we will not consider the merits of husband's assignments of error concerning that award.

Husband claims he has an absolute right to challenge the arbitrator's award on appeal to this Court from the final decree of divorce, despite not having availed himself of the review provisions of the Uniform Arbitration Act and abided by the procedural requirements therein, because Code § 8.01-581.016(6) permits an appeal from a decree entered, like the final decree here, in conformity with the arbitration award pursuant to Code § 8.01-581.012.[5]  To interpret Code § 8.01-581.016(6) in the way

---

[5] Code § 8.01-581.016 provides, in pertinent part, that an appeal may be taken from:

> 1.  An order denying an application to compel arbitration made under § 8.01-581.02;
> 2.  An order granting an application to stay arbitration made under subsection B of § 8.01-581.02;
> 3.  An order confirming or denying an award;
> 4.  An order modifying or correcting an award;
> 5.  An order vacating an award without directing a rehearing; or

husband suggests, however, would render Code §§ 8.01-581.010 and

8.01-581.011 and the time constraints prescribed in those

statutes meaningless.  We hold, therefore, that husband's claim

is without merit.  See Natrella v. Board of Zoning Appeals, 231

Va. 451, 461, 345 S.E.2d 295, 301 (1986).  Husband argues that

to hold as we do renders Code § 8.01-581.016(6) meaningless.  We

disagree.  A party who does not obtain judicial review under

Code §§ 8.01-581.010 and 8.01-581.011 to challenge alleged

errors in the underlying award may still appeal from the final

decree under Code § 8.01-581.016(6) to challenge, for instance,

whether the decree was entered in conformity with the

arbitration award.

Husband also claims that, because his challenge to the

arbitration award was largely on public policy grounds, he may

make his challenge at any time, without concern for the time

limits imposed by the Uniform Arbitration Act.  We disagree.

While it is true that judgments that are void because they

were procured by extrinsic or collateral fraud or entered by a

court that did not have jurisdiction over the parties or subject

matter may be challenged in any court at any time, the Supreme

Court concluded in Rook v. Rook, 233 Va. 92, 353 S.E.2d 756

(1987), that a challenge solely on public policy grounds against

an agreement incorporated into a decree is subject to the time

---

6.  A judgment or decree entered pursuant to
the provisions of this article.

constraints of Rule 1:1. Id. at 95, 353 S.E.2d at 758. We conclude that a similar decision may be reached in this case with regards to the time limits mandated in the Uniform Arbitration Act for challenging an arbitration award.

Here, as in Rook, husband does not contend that the divorce decree was procured by fraud or that the decree was void for lack of jurisdiction. He contends that provisions of the arbitration award violated the public policy of Virginia because the arbitrator exceeded his powers under the arbitration agreement by "failing to apply the law of Virginia in his 'interpretation' of the terms of the [a]greement." Such an abuse of power by the arbitrator, however, is precisely the defect in an arbitration award that Code § 8.01-581.010(3) targets:

> Upon application of a party, the court shall vacate an award where . . . [t]he arbitrators exceeded their powers;
>
>     *     *     *     *     *     *     *
>
> An application under this section shall be made within ninety days after delivery of a copy of the award to the applicant . . . .

To rule as husband suggests would render that portion of the statute meaningless. We conclude, therefore, that husband's challenge to the arbitration award on public policy grounds could and should have been raised within ninety days of delivery of the arbitration award to husband, as required by Code § 8.01-581.010. Our conclusion is buttressed, we believe, by

Code § 8.01-581.010's requirement that an application for vacation of an award procured by fraud must be made within ninety days of when the fraud is known or should reasonably be known, rather than at any time.

### III. APPELLATE COSTS AND ATTORNEY'S FEES

Both parties request an award of costs and attorney's fees for this appeal. Because husband brought this appeal without following the requisite procedures in the trial court, we deny husband's request and find that wife should be compensated for the reasonable expenses incurred in defending this unjustified appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). We, therefore, remand this case to the trial court solely for a determination of those costs and fees.

For the foregoing reasons, we affirm the judgment of the trial court and remand for further proceedings consistent with this opinion.

Affirmed and remanded.