COURT OF APPEALS OF VIRGINIA


Present:    Judges Frank, Alston and Senior Judge Coleman


WILLIAM F. HARBER
                                                    MEMORANDUM OPINION[*]
v.       Record No. 2956-08-1                              PER CURIAM
                                                         JULY 7, 2009
CHARLENE M. HARBER


                FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                          Christopher W. Hutton, Judge

           (Charles E. Haden, on brief), for appellant.

           (Lawrence D. Diehl; Brandy M. Poss; Barnes & Diehl, P.C., on
           brief), for appellee.


        William F. Harber (husband) appeals a spousal support award to Charlene M. Harber (wife).

Husband argues that the trial court erred in (1) ordering a seventy-one-year-old husband to pay

$1,650 per month in permanent spousal support to his fifty-nine-year-old wife, thereby precluding

husband from retiring, and (2) imputing income to husband. Wife requests appellate attorneys' fees

and costs. Upon reviewing the record and briefs of the parties, we conclude that this appeal is

without merit. Therefore, we summarily affirm the decision of the trial court. See Rule 5A:27.

We also grant wife appellate attorneys' fees and costs.

                                       BACKGROUND

        "When reviewing a trial court's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting it the benefit of any reasonable inferences."

Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Husband and wife were married on August 31, 1974, and separated on March 30, 2005. On March 2, 2007, the trial court entered a final decree, awarding $3,000 per month in permanent spousal support to wife. The trial court imputed income to husband in establishing the amount of spousal support. Husband appealed to this Court. We reversed and remanded the matter to the trial court because the trial court improperly imputed income to husband based on his pre-retirement income and improperly considered wife's elevated expenses, which included expenses for her adult children. See Harber v. Harber, Record No. 0559-07-1 (Va. Ct. App. Jan. 15, 2008). On March 31, 2008, the trial court held a hearing on the remand. The trial court found that husband voluntarily retired in June 2005 at the age of sixty-nine, a normal retirement age. Husband's retirement coincided with his move to Florida and the beginning of his relationship with another woman. Husband tried to find employment in Florida comparable to what he had in Virginia, but was unable to do so. Husband worked as a substitute teacher in Florida. He also received income from his pension and social security. Wife worked as a cashier at a grocery store. The trial court based its spousal support award on husband's present ability to pay and wife's need, less the expenses of the adult children living with her.

On December 5, 2008, the trial court entered an order awarding wife $1,650 per month in permanent spousal support. Husband timely noted his appeal.

ANALYSIS

A trial court has broad discretion in awarding spousal support, and its ruling will not be overturned unless there is an abuse of discretion. Brooks v. Brooks, 27 Va. App. 314, 317, 498 S.E.2d 461, 463 (1998) (citations omitted).

Spousal support award

Husband argues that the trial court erred in ordering him to pay permanent spousal support to his wife because he could not retire. Husband contends that he retired at a normal

- 2 -

retirement age prior to the trial court awarding spousal support to wife. Thereafter, he was forced to use his savings and re-enter the workforce to pay his spousal support obligation. He argues that wife is capable of supporting herself, and he should be allowed to retire.

"[T]he law's aim is to provide a sum for such period of time as needed to maintain the spouse in the manner to which the spouse was accustomed during the marriage, balanced against the other spouse's ability to pay." Blank v. Blank, 10 Va. App. 1, 4, 389 S.E.2d 723, 724 (1990) (citation omitted).

> When considering an initial spousal support order or a modification, the trial court must consider each spouse's current circumstances, including the fact that a party has retired, the parties' plans and expectations associated with the retirement, and each parties' earning capacities and needs at the time of the hearing. However, the trial court cannot ignore the policy underlying Code § 20-107.1 which balances the parties' incomes or their capacities to earn income against their respective needs.

Stubblebine v. Stubblebine, 22 Va. App. 703, 710-11, 473 S.E.2d 72, 75 (1996) (*en banc*).

Here, the evidence proved that husband received approximately $4,019.50 in income per month from his pension, social security, and substitute teaching. His monthly expenses totaled approximately $1,753.50. On the other hand, wife's income was $1,142 per month from her job, and she received $250 per month from her adult daughter who lived with her. Her monthly expenses totaled approximately $4,460.

Husband argues that wife was capable of supporting herself; however, wife earned only $7.15 per hour. Previously, the most she had earned during the marriage was $9.50 per hour as a secretary. Husband presented no evidence that wife was underemployed.

In establishing its spousal support award, the trial court considered several factors from Code § 20-107.1. The parties were married for more than thirty years. Husband was the primary wage earner for the family, while wife raised their two children. The parties moved several times during the marriage in order for husband to further his career goals. Husband was a

- 3 -

college graduate with advanced training, whereas wife was a high school graduate. The parties enjoyed a "nice" standard of living during the marriage.

The trial court emphasized that husband's decision to retire "was virtually at the same time" as he started a relationship with another woman and moved to Florida. The trial court noted that husband's move to Florida "was a substantial factor in reducing his ability to pay reasonable spousal support after a lengthy marriage" because husband had a "much more likely opportunity to work part-time in Hampton Roads" considering his skills, training, and education. Therefore, even though husband voluntarily retired at a normal retirement age, his decision to move to Florida greatly impacted his ability to support his wife in the manner to which she was accustomed.

Husband's obligation to support his wife did not end when he retired and moved to Florida. The trial court found that husband had the ability to pay spousal support and wife had the need for spousal support. Therefore, the trial court did not abuse its discretion in awarding wife $1,650 per month in spousal support.

<u>Imputing income</u>

Husband next argues that the trial court erred in imputing income to him. He contends that the spousal support award was based on his pre-retirement income.

> In setting or modifying spousal support or child support, a court may impute income to a party voluntarily unemployed or underemployed. <u>See</u> <u>Calvert v. Calvert</u>, 18 Va. App. 781, 784, 447 S.E.2d 875, 876 (1994); <u>Stubblebine</u>, 22 Va. App. at 710, 473 S.E.2d at 75. Whether a person is voluntarily unemployed or underemployed is a factual determination.

<u>Blackburn v. Michael</u>, 30 Va. App. 95, 102, 515 S.E.2d 780, 783-84 (1999).

In determining a spousal support award, the trial court may consider a party's earning capacity; however, "the award must be based upon the circumstances in existence at the time of the award." <u>Payne v. Payne</u>, 5 Va. App. 359, 363, 363 S.E.2d 428, 430 (1987).

- 4 -

Here, there is no evidence that the trial court imputed income to husband. The spousal support award was based on husband's "present ability to pay." Considering husband's income from his pension, social security, and substitute teaching, husband had sufficient income to pay wife $1,650 per month in spousal support. Therefore, we find that the trial court did not impute income to husband.

### Attorney's fees and costs on appeal

Wife asks this Court to award her attorney's fees and costs incurred on appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Having reviewed and considered the entire record in this case, we find it appropriate to award wife attorney's fees and costs. Given that wife prevailed and husband's arguments were substantially without merit, we hold that wife is entitled to a reasonable amount of attorney's fees and costs, and we remand for the trial court to set a reasonable award of attorney's fees and costs incurred by wife in this appeal. See Marks v. Marks, 36 Va. App. 216, 218-19, 548 S.E.2d 919, 920 (2001). The trial court on remand must determine the appropriate amount to award wife. In making this determination, the trial court should consider that the arguments husband made on appeal were found to be substantially without merit. See Bchara v. Bchara, 38 Va. App. 302, 318, 563 S.E.2d. 398, 406 (2002).

CONCLUSION

For these reasons, we affirm the trial court's judgment.  Rule 5A:27.  We also grant

wife's request for appellate attorney's fees and costs.


Affirmed and remanded.