COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Kelsey and Petty
Argued at Alexandria, Virginia


ABDIKARIM MOHAMOUD MOHAMED

                                                        OPINION BY
v.        Record No. 1078-09-4          JUDGE WILLIAM G. PETTY
                                                        APRIL 20, 2010

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Stanley P. Klein, Judge

Scott M. Hulgan, Assistant Public Defender (Office of the Public
Defender, on briefs), for appellant.

Rosemary V. Bourne, Assistant Attorney General (William C. Mims,
Attorney General, on brief), for appellee.


On appeal, Abdikarim Mohamoud Mohamed argues that the trial court lacked jurisdiction to

revoke his suspended sentence because his original period of suspension had expired at the time of

the revocation.  Thus, he reasons, the order revoking his suspended sentence is void.  In the

alternative, Mohamed argues that even if the order is voidable, rather than void, this Court should

invoke the ends of justice exception to Rule 5A:18 to reach his unpreserved argument and

determine that the trial court committed reversible error when it revoked his suspended sentence.

Because we determine that the trial court had subject matter jurisdiction over Mohamed's case at the

relevant time, and because we determine that Mohamed is unable to demonstrate a miscarriage of

justice that would warrant the application of the ends of justice exception to Rule 5A:18, we affirm

the revocation order.

## I. BACKGROUND

Mohamed was convicted of obtaining money by false pretenses in 2002. For that crime, the court sentenced him to three years' incarceration with all but twelve months suspended. The court suspended the remaining two-year sentence for a period of four years with four years of active probation, to commence at Mohamed's release from incarceration. Mohamed was also required to pay court costs arising from his prosecution and restitution to the victim in the amount of $11,918.73. After his release on January 24, 2003, Mohamed was required to make regular payments toward the restitution amount as one of the conditions of his probation.

Mohamed, however, failed to make the payments regularly. On May 12, 2006, the trial court found Mohamed in violation of his probation for his failure to pay restitution, and ordered "that [his] probation be extended indefinitely or until the restitution due . . . is paid in full." In June 2007, Mohamed's probation officer again reported that Mohamed was in arrears on his restitution payments, and the trial court revoked six months of his suspended sentence following a hearing. A year and a half later, on January 12, 2009, Mohamed was again before the trial court for the same reason. Again, following a hearing, the trial court revoked the remainder of the suspended sentence and reduced the restitution payments to a judgment in favor of the victim. This appeal followed.

## II. ANALYSIS

### Subject Matter Jurisdiction

Mohamed argues that the trial court was without subject matter jurisdiction when it revoked the remainder of his suspended sentence in April 2009.[1] Mohamed reasons that, because the original period of the suspension of the execution of his sentence had expired prior

---

[1] Mohamed concedes in his brief that he never raised any objection to the revocation of his probation and imposition of his suspended sentence at the revocation hearing.

to the April 21, 2009 order, the trial court was without subject matter jurisdiction to adjudicate his violation of his probation terms. Thus, he concludes, the order revoking his probation and remanding him to custody for the remainder of his suspended sentence is void. We disagree.

"Jurisdiction is a term which can engender much confusion because it encompasses a variety of separate and distinct legal concepts." Porter v. Commonwealth, 276 Va. 203, 228, 661 S.E.2d 415, 426 (2008). Subject matter jurisdiction, however, is only one of several varieties of jurisdiction. Our Supreme Court has recently described subject matter jurisdiction as "potential" jurisdiction over a class of cases as granted by statute or constitution, which becomes "'active' jurisdiction, the power to adjudicate a particular case upon the merits, only when various elements are present." Ghameshlouy v. Commonwealth, 279 Va. 379, 388-89, 689 S.E.2d 698, ___ (2010) (quoting Bd. of Supervisors. v. Bd. of Zoning Appeals, 271 Va. 336, 343-44 & n.2, 626 S.E.2d 374, 379 & n.2 (2006)). These "various elements" necessary for the adjudication include other types of jurisdiction:

> "territorial jurisdiction, that is authority over persons, things, or occurrences located in a defined geographic area; notice jurisdiction, or effective notice to a party or if the proceeding is *in rem* seizure of a *res*; and the other conditions of fact [that] must exist which are demanded by the unwritten or statute law as the prerequisites of the authority of the court to proceed to judgment or decree. All of these elements are necessary to enable a court to proceed to a valid judgment."

Id. at 389, 689 S.E.2d at ___ (quoting Bd. of Supervisors., 271 Va. at 343-44, 626 S.E.2d at 379); accord Porter, 276 Va. at 228, 661 S.E.2d at 426; Morrison v. Bestler, 239 Va. 166, 169, 387 S.E.2d 753, 755 (1990) (recognizing these "various elements" as being embraced within the term "jurisdiction"); Farant Inv. Corp. v. Francis, 138 Va. 417, 427-28, 122 S.E. 141, 144 (1924) (same).

Thus, our Supreme Court has distinguished subject matter jurisdiction as a unique form of jurisdiction and has defined it as a type of jurisdiction (1) that is granted to courts by

- 3 -

constitution or statute and (2) that delineates a court's ability to adjudicate a defined class of cases or controversies. Farant Inv. Corp., 138 Va. at 427-28, 122 S.E. at 144; accord In re Commonwealth, 278 Va. 1, 11, 677 S.E.2d 236, 240 (2009); Nelson v. Warden, 262 Va. 276, 281, 552 S.E.2d 73, 75 (2001). Stated another way, "[s]ubject matter jurisdiction is conferred by statute according to the *subject* of the case, . . . rather than according to a particular proceeding that may be one part of [the] case." In re Commonwealth, 278 Va. at 11, 677 S.E.2d at 240 (emphasis added) (citations omitted).

Here, the circuit court had subject matter jurisdiction over Mohamed's revocation hearing because the General Assembly has granted that court subject matter jurisdiction over the specific class of cases of which this case is a member—the prosecution and the rehabilitation of criminals. Code § 17.1-513 accords to the circuit courts of the Commonwealth of Virginia "original jurisdiction of all indictments for felonies and of presentments, informations, and indictments for misdemeanors." Porter, 276 Va. at 229, 661 S.E.2d at 427 (recognizing that Code § 17.1-513 is a statutory grant of subject matter jurisdiction to the circuit courts). Moreover, proceedings for the revocation of probation are part of the criminal process entrusted to the circuit courts by the General Assembly. See Green v. Commonwealth, 263 Va. 191, 194, 557 S.E.2d 230, 232 (2002) ("A circuit court's jurisdiction to revoke a convict's probation and suspension of sentence is part of [the] criminal process.").

"[W]ithout question," the trial court in this case had the requisite "potential jurisdiction[] to consider" any matter related to the criminal process as set forth in Code § 17.1-513. Ghameshlouy, 279 Va. at 389, 689 S.E.2d at ___. Accordingly, we hold that the trial court had subject matter jurisdiction over Mohamed's revocation proceeding.

Authority to Exercise Jurisdiction

In his reply brief, Mohamed asserted an alternative argument.[2]  Mohamed maintains that, regardless of subject matter jurisdiction, the court's order was still void because the trial court was without authority to revoke his suspended sentence at the time of the revocation hearing.  Mohamed concedes that he never raised this argument in the trial court, but he reasons that there was no need to do so because the order was void.  Thus, he concludes that this Court can address this alternative argument regardless of the provisions of Rule 5A:18 ("No ruling of the trial court . . . will be considered" on appeal "unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice.").

While the authority to exercise jurisdiction is a type of jurisdiction, it is distinct from subject matter jurisdiction.  Nelson, 262 Va. at 281, 552 S.E.2d at 75; accord Porter, 276 Va. at 228, 661 S.E.2d at 426 (The term "jurisdiction embraces several concepts including subject matter jurisdiction, . . . territorial jurisdiction, . . . notice jurisdiction, . . . and '. . . the authority of the court to proceed to judgment or decree.'" (quoting Farant Inv. Corp., 138 Va. at 427-28, 122 S.E. at 144)).  The authority to exercise jurisdiction is commonly described as those "conditions of fact [that] must exist which are demanded by the unwritten or statute law as the prerequisites of the authority of the court to proceed to judgment or decree."  Porter, 276 Va. at 228, 661 S.E.2d at 426.  These "conditions of fact" can be affected by various factors, including, as Mohamed argues in this case, the passage of time.  See Cook v. Commonwealth, 211 Va. 290,

---

[2] Mohamed's question presented reads as follows:  "Whether the trial court erred in sentencing Abdikarim Mohamed to serve eighteen months of his previously suspended sentence when the court no longer had jurisdiction?"  We conclude that the phrasing of his question presented is broad enough to encompass both the legal issues of subject matter jurisdiction and the authority to exercise jurisdiction.  See Moore v. Commonwealth, 276 Va. 747, 754, 668 S.E.2d 150, 155 (2008) (holding that a question presented which included the term "probable cause" was broad enough to encompass the separate legal concept of reasonable suspicion).

293, 176 S.E.2d 815, 817 (1970) ("Since the court did not revoke the suspension of the sentence [before the expiration of] the probation period . . . it had no power to invoke its jurisdiction" when it entered its revocation order.).

However, unlike a lack of subject matter jurisdiction, which can be raised at any time in a proceeding or for the first time on appeal, a trial court's alleged lack of authority to exercise its jurisdiction must be raised before the trial court and preserved like any other legal argument. Lucas v. Biller, 204 Va. 309, 313, 130 S.E.2d 582, 585 (1963) ("Subject matter jurisdiction *alone* cannot be waived . . . ." (emphasis added)). Thus, while

> the lack of subject matter jurisdiction can be raised at any time in the proceedings, even for the first time on appeal by the court *sua sponte* . . . defects in the other jurisdictional elements generally will be considered waived unless raised in the pleadings filed with the trial court and properly preserved on appeal.

Porter, 276 Va. at 228-29, 661 S.E.2d at 427 (citations omitted). Accordingly, Mohamed's failure to raise the issue of the court's authority to exercise its jurisdiction at the revocation hearing precludes our review of the trial court's actions. Rule 5A:18.

<u>Ends of Justice</u>

Mohamed, recognizing the possibility that we would determine that he had waived his alternative argument, asks us to invoke the ends of justice exception to Rule 5A:18 in this case and reach the merits of his argument regarding the trial court's authority to exercise its jurisdiction. For the following reasons, we determine that resort to the ends of justice exception to Rule 5A:18 is inappropriate in this case.

On appeal, a litigant may avail himself of the ends of justice exception and raise an unpreserved issue if the trial court's error "was 'clear, substantial and material.'" West v. Commonwealth, 43 Va. App. 327, 338, 597 S.E.2d 274, 279 (2004) (quoting Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989)). Our Supreme Court has stated

that the "[a]pplication of the ends of justice exception is appropriate when the judgment of the trial court was error and application of the exception is necessary to avoid a grave injustice or the denial of essential rights." Charles v. Commonwealth, 270 Va. 14, 17, 613 S.E.2d 432, 433 (2005). However, the exception is only invoked in narrow circumstances when "[t]he record . . . affirmatively show[s] that a miscarriage of justice has occurred, not that a miscarriage might have occurred." Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) (internal quotation marks and citation omitted).

Mohamed argues that the trial court acted without authority when it revoked the remainder of his suspended sentence because the period of the suspension of the execution of his sentence had expired before the relevant revocation hearing. Mohamed, however, is unable to demonstrate on this record that a miscarriage of justice occurred when the trial court revoked his suspended sentence. One of the conditions of Mohamed's probation was that he make regular payments towards the restitution portion of his sentence. The second time Mohamed violated this condition, the trial court modified the terms of Mohamed's probation pursuant to Code § 19.2-304[3] and ordered that his "probation be extended indefinitely or until the restitution due in this case is paid in full[.]" The record demonstrates that Mohamed never paid the restitution in full; thus, he was still subject to the terms of his probation at the time of the last hearing and revocation order in this case and was still subject to the authority of the trial court. And, according to Code § 19.2-306(A),[4] a trial court may revoke a suspended sentence for any cause that occurred *during* the probation period *or* the suspension period. Consequently, no

---

[3] "The court may subsequently increase or decrease the probation period and may revoke or modify any condition of probation, but only upon a hearing after reasonable notice to both the defendant and the attorney for the Commonwealth." Code § 19.2-304.

[4] "[The trial court may] revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A).

miscarriage of justice occurred in this case. There is no need for us to invoke the ends of justice exception to Rule 5A:18 and address Mohamed's jurisdictional authority argument on its merits.

III.  CONCLUSION

For the foregoing reasons, we affirm the trial court's decision.

<u>Affirmed.</u>