COURT OF APPEALS OF VIRGINIA


Present: Judges Humphreys, McClanahan and Petty
Argued at Lexington, Virginia


RICHARD LEE KEEN

                                                MEMORANDUM OPINION* BY
v.      Record No. 1787-09-3              JUDGE WILLIAM G. PETTY
                                                    JULY 6, 2010
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF TAZEWELL COUNTY
                             Henry A. Vanover, Judge

            Martha P. Ketron (Chafin Law Firm, P.C., on brief), for appellant.

            Eugene Murphy, Senior Assistant Attorney General (Kenneth T.
            Cuccinelli, II, Attorney General, on brief), for appellee.


        Richard Lee Keen appeals two orders finding him in violation of the conditions of his

probation. He claims the trial court was without jurisdiction to revoke his probation because the

time within which to revoke his sentences had expired. Keen also contends that the trial court

denied him due process because it failed to give him proper notice of the revocation hearing and

appoint an attorney for the revocation hearing. For the following reasons, we affirm in part and

reverse and dismiss in part.

                                    I. BACKGROUND

        In February of 1991, Keen was sentenced to three consecutive terms of five years'

imprisonment on three counts of distributing marijuana; two of the five-year sentences were

suspended. The sentencing order provided:

            [T]he defendant is placed on supervised probation with a Probation
            Officer of this Court, for an indefinite term until released by this

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Court, upon the express terms and conditions that the defendant be of good behavior and not violate any penal laws of this Commonwealth, any state, or any political subdivision thereof, that he absolutely abstain from the excessive use of alcoholic beverages and the use and handling of all nonprescribed and nonprescription drugs.

On May 15, 1991, the trial court, in response to Keen's motion, suspended the execution of Keen's five years' active imprisonment "upon the condition that the defendant serve a term of twelve (12) months in the jail of this County, without credit for good time, during which time the defendant shall be allowed to remain on work release program." On December 20, 1991, in response to another motion by Keen, the trial court "temporarily suspend[ed] the execution of the twelve (12) months jail sentence upon condition that the Defendant be of good behavior, not violate the penal laws of the Commonwealth or any political subdivision thereof, that he be placed on active probation, that he obey all the terms and conditions of his probation, and that he cooperate with the office of the Attorney for the Commonwealth in the investigation of drug related offenses." On March 9, 2000, Keen was moved to unsupervised probation with respect to his sentences from the 1991 convictions for distribution of marijuana.

In an unrelated case, Keen was sentenced, on May 17, 1999, to two years' imprisonment for possession of a firearm by a convicted felon and thirty days for possession of marijuana. These consecutive sentences were suspended, and Keen was placed on supervised probation for an indefinite term.

Keen was convicted of a new crime—distribution of methamphetamine—on February 17, 2006. By letter dated April 18, 2006, Probation and Parole Officer Jennifer S. Helbert notified the Tazewell County Circuit Court of Keen's new conviction and asked for a revocation hearing. Helbert indicated in the letter that Keen "was placed on unsupervised probation on March 9, 2000 following a period of supervised probation on the offenses of Distribution of Marijuana [1991 conviction] and Possession of a Firearm by a Convicted Felon [1999 conviction]."

Helbert specifically requested that Keen be required "to show cause as to why [his] unsupervised status shall not be revoked." A copy of this letter was sent to Anne Brammer, described in the letter as Keen's defense attorney.

On April 24, 2006, a hearing was held on both the sentencing for Keen's new conviction and on the probation violation. At the beginning of the hearing, the Commonwealth advised the trial court that both matters were before the court. Defense counsel stated that she did not receive a copy of the probation violation letter but did not object to any deficiency in the notice. The probation officer pointed out that the basis for the revocation was Keen's plea of guilty to the new crime. When the probation revocation was discussed, Ms. Brammer, Keen's attorney, questioned the probation officer with respect to the violation and never raised an objection. Brammer also questioned Keen regarding the new offense and the circumstances surrounding the probation violation. Keen testified that he recognized that even on unsupervised probation that he had to be on good behavior.

The trial court revoked Keen's probation on all of the above sentences and all of the previously suspended imprisonment was imposed for the 1991 convictions. The trial court resuspended all of the two years and thirty days previously imposed for the 1999 convictions and restored Keen's original terms and conditions of supervised probation. On both of the final probation violation orders, Ms. Brammer was listed as Keen's defense attorney. Both orders also indicated that Keen's attorney was personally present. Finally, both orders indicated that Keen received written notice of the hearing to show cause.

II. ANALYSIS

Keen argues that the trial court lacked jurisdiction to revoke his suspended sentences from his 1991 convictions and his 1999 convictions. He also argues that he was denied notice of his violation and not provided with appointed counsel. However, Keen admitted that he failed to

argue these points to the trial court and, therefore, he has waived this argument by failing to contemporaneously object to the trial court's ruling. Rule 5A:18. We have repeatedly held that while

> the lack of subject matter jurisdiction can be raised at any time in the proceedings, even for the first time on appeal by the court *sua sponte* . . . defects in the other jurisdictional elements generally will be considered waived unless raised in the pleadings filed with the trial court and properly preserved on appeal.

Porter v. Commonwealth, 276 Va. 203, 228-29, 661 S.E.2d 415, 427 (2008) (citations omitted). Because the specific type of jurisdiction is not subject matter jurisdiction, but authority jurisdiction, compliance with Rule 5A:18 is mandatory. Mohamed v. Commonwealth, 56 Va. App. 95, 100-02, 691 S.E.2d 513, 515-16 (2010). Recognizing this, Keen argued that we should apply the "ends of justice" exception to Rule 5A:18.

> On appeal, a litigant may avail himself of the ends of justice exception and raise an unpreserved issue if the trial court's error was clear, substantial and material. Our Supreme Court has stated that the application of the ends of justice exception is appropriate when the judgment of the trial court was error and application of the exception is necessary to avoid a grave injustice or the denial of essential rights. However, the exception is only invoked in narrow circumstances when the record . . . affirmatively shows that a miscarriage of justice has occurred, not that a miscarriage of justice might have occurred.

Id. at 102, 691 S.E.2d at 516 (internal citations and quotation marks omitted).

Keen first argues that the trial court acted without jurisdiction when it revoked the remainder of his suspended sentences because the period of the suspension had expired. Keen is unable to demonstrate on this record that a miscarriage of justice occurred when the trial court revoked his 1991 suspended sentences; however, Keen has affirmatively demonstrated a miscarriage of justice with respect to his 1999 suspended sentences.

In 1991, Keen was sentenced to five years for each count of distribution of marijuana for a total of fifteen years. The five-year sentence for both the second and third counts were

suspended but the five-year sentence on the first count was imposed as active time. Keen argues that, because his active time was later suspended in a subsequent order, it no longer ran consecutively with the other two counts. However, nothing in the orders suspending his 1991 sentences established a "probation period or a period of suspension." Code § 19.2-306(A); see Hartless v. Commonwealth, 29 Va. App. 172, 175, 510 S.E.2d 738, 739 (1999). Thus, the time period for revoking Keen's suspended sentences is "the maximum period for which the defendant might originally have been sentenced to imprisonment." Code § 19.2-306(A).

In 1991, Keen was convicted of three counts of distribution of marijuana, which is a Class 5 felony. Code § 18.2-248.1. Each count carried a maximum sentence of ten years each. Code § 18.2-10. Thus, "the maximum period for which the defendant might originally have been sentenced to imprisonment" was thirty years. Code § 19.2-306(A). Therefore, the trial court clearly had jurisdiction to revoke Keen's suspended sentences on the 1991 convictions.

In 1999, Keen was convicted of possession of a firearm by a convicted felon and possession of marijuana. Nothing in the order suspending his 1999 sentences established a "probation period or a period of suspension." Code § 19.2-306(A); see Hartless, 29 Va. App. at 175, 510 S.E.2d at 739. The maximum sentence for both convictions was five years and thirty days. Code §§ 18.2-308.2; 18.2-10; 18.2-250.1. The probation violation that the probation officer complained of was Keen's guilty plea to the new distribution of methamphetamine charge, which occurred on February 17, 2006. However, the trial court's authority to revoke Keen's suspended sentences ended one year after his maximum possible sentence ended, which was six years and thirty days after he was sentenced on May 17, 1999. Code § 19.2-306(B). However, Keen's purported violation occurred seven years later, on February 17, 2006, when Keen pleaded guilty to the new charge of distribution of methamphetamine. Thus, the revocation of Keen's 1999 suspended sentences occurred two years after "the maximum period for which

the defendant might originally have been sentenced to imprisonment." Code § 19.2-306(A). Clearly, then, the record affirmatively demonstrates that the trial court lacked the authority to revoke Keen's suspended sentences under Code § 19.2-306(A).[1] Thus, a miscarriage of justice occurred and we may invoke the ends of justice exception to Rule 5A:18.

Keen's second argument, that he was provided neither notice of nor counsel at the revocation hearing, was also not raised at trial. Nonetheless, Keen argues that a miscarriage of justice occurred and we should invoke the ends of justice exception to Rule 5A:18. Keen, however, is unable to affirmatively demonstrate on this record that a miscarriage of justice occurred. We note this case comes to us with a presumption of correctness. "A court speaks through its orders and those orders are presumed to accurately reflect what transpired." McBride v. Commonwealth, 24 Va. App. 30, 35 480 S.E.2d 126, 128 (1997). "The maxim that 'trial courts speak only through their orders and that such orders are presumed to reflect accurately what transpired' is the well-established law of this Commonwealth." Rose v. Commonwealth, 265 Va. 430, 435 n.2, 578 S.E.2d 758, 761, n.2 (2003) (quoting McMillion v. Dryvit Systems, Inc., 262 Va. 463, 469, 552 S.E.2d 364, 367 (2001)).

Here, in both probation violation orders, the trial court stated that Ann Brammer, Keen's attorney, was present and that Keen had "received written notice of a hearing to show cause." We presume, without any evidence to the contrary, that the trial court's order is correct. There is nothing in the record to rebut that presumption. Thus, we must conclude that Keen had the benefit of counsel during the revocation hearing and that he received written notice of the hearing.

---

[1] We note that, on brief, the Commonwealth conceded error on this issue: "With respect to the 1999 convictions, however, the maximum penalty was five years and thirty days, Code §§ 18.2-10, 18.2-250.1, 18.2-308.2. Therefore, the court could not hear the violation proceeding in 2006 because the six years and thirty days limitation, set forth in § 19.2-306, expired in 2005."

### III. CONCLUSION

For these reasons, we affirm the trial court's probation revocation order revoking Keen's suspended sentences on the 1991 convictions because Keen failed to object and the record fails to indicate a miscarriage of justice. However, having found that the record affirmatively demonstrates a miscarriage of justice regarding the trial court's revocation of Keen's suspended sentences from the 1999 convictions, we reverse and dismiss the trial court's order.

<u>Affirmed in part,</u>
<u>reversed and dismissed in part.</u>