COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, Chafin and Senior Judge Annunziata
Argued at Alexandria, Virginia


MARQUIS D. EDMONDS

                                        MEMORANDUM OPINION[*] BY
v.       Record No. 1577-11-4            JUDGE TERESA M. CHAFIN
                                        MARCH 5, 2013

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jane Marum Roush, Judge

Vernida R. Chaney (Northern Virginia Capital Defender Office, on
briefs), for appellant.

Susan M. Harris, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Marquis Edmonds ("Edmonds"), a juvenile, was certified as an adult and convicted in the

Circuit Court of Fairfax County for the felony offense of maiming. Following a release and review

hearing pursuant to Code §§ 16.1-285.1(F) and 16.1-285.2,[1] the trial court ordered that Edmonds'

Department of Juvenile Justice commitment be terminated, and, pursuant to Code § 16.1-285.2(E),

revoked nine years of his suspended adult sentence. It also imposed a one year period of

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] During his commitment and while in the custody of the Department of Juvenile Justice, Edmonds was convicted of a felony in violation of Code § 18.2-55 in the Circuit Court of Chesterfield County and received an active sentence with the Department of Corrections. Code § 16.1-278.7 requires that "[a]ny person sentenced and committed to an active term of incarceration in the Department of Corrections who is, at the time of such sentencing, in the custody of the Department of Juvenile Justice, upon pronouncement of sentence, shall be immediately transferred to the Department of Corrections." Code § 16.1-285.1(F) further provides that any juvenile committed pursuant to its provisions, as Edmonds was, "shall not be released at a time earlier than that specified by the court in its dispositional order except as provided for in [Code §] 16.1-285.2."

UNPUBLISHED

post-release supervision.  On appeal, Edmonds argues that the trial court erred in revoking his previously suspended adult sentence because the court did not have jurisdiction to modify the original sentencing order, rendering the order void, for three different reasons:  (1) the court was precluded by Code § 16.1-289 from modifying or revoking its original commitment order more than sixty days after its entry; (2) the hearing was not held and the court did not rule within thirty days of receipt of the petition, per Code § 16.1-285.2(A) and (E); and (3) the required progress report was not timely filed with the petition or properly considered by the court, per Code § 16.1-285.2(B) and (C).  For the reasons set forth below, we affirm the trial court's ruling.

I.

"[J]urisdictional defects other than subject matter jurisdiction are generally 'considered waived unless raised in the pleadings filed with the circuit court and properly preserved on appeal.'"  Mohamed v. Commonwealth, 56 Va. App. 95, 102, 691 S.E.2d 513, 516 (2010) (quoting Porter v. Commonwealth, 276 Va. 203, 228-29, 661 S.E.2d 415, 427 (2008)).[2]  Proper preservation for appeal requires an objection "stated with reasonable certainty at the time of the ruling."  Rule 5A:18.  To preserve an objection under Rule 5A:18,

> a *specific* argument must be made to the trial court at the
> appropriate time, or the allegation of error will not be considered
> on appeal.  A general argument or an abstract reference to the law
> is not sufficient to preserve an issue.  Making one specific
> argument on an issue does not preserve a separate legal point on
> the same issue for review.

Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*) (emphasis added) (citation omitted).  A trial court must be alerted to the precise issue to which a

---

[2] We will assume, without deciding, that the procedural deficiencies of which Edmonds complains are included in the other conditions of fact "'which are demanded by the unwritten or statute law as the prerequisites of the authority of the court to proceed to judgment or decree.'" Porter, 276 Va. at 228, 661 S.E.2d at 426 (quoting Farant Inv. Corp. v. Francis, 138 Va. 417, 427-28, 122 S.E. 141, 144 (1924)).

party objects.  See Neal v. Commonwealth, 15 Va. App. 416, 422-23, 425 S.E.2d 521, 525 (1992).

> The main purpose of requiring timely specific objections is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals.
> In addition, a specific, contemporaneous objection gives the opposing party the opportunity to meet the objection at that stage of the proceeding.

West v. Commonwealth, 43 Va. App. 327, 337, 597 S.E.2d 274, 278 (2004) (citation omitted).

At no point during the May 4, 2011 hearing did Edmonds object to the continuance, that he himself requested, that put the hearing outside of thirty days.  Again at the June 22, 2011 hearing, when the court announced its ruling, Edmonds did not object to the court being outside of any time constraint to rule.  Also, Edmonds did not object at either hearing to the absence of the progress report being filed with the petition.  The progress report was addressed during Edmonds' cross-examination of the Commonwealth's witness and again when it was entered as an exhibit by the Commonwealth, but no objection was made regarding the report itself.  Edmonds offered no argument that would put the court or the Commonwealth on notice that he took issue with any jurisdictional aspect of the hearing.

When the trial court made its ruling at the conclusion of the release and review hearing, Edmonds lodged the following objection:

> Your Honor, I think for purposes of the record we need to object to that ruling in that I don't think the Court has authority to do so.  Your order doesn't say that you can impose any time for not successfully completing the DJJ conditions of the suspended time [sic] was conditioned upon successful completion of adult probation.

Edmonds' objection fails to mention any of the statutory requirements that he now seeks to argue to this Court, let alone provide specific arguments relating to the filing of the progress report, the scheduling of the hearing, or time restraints to enter the court's order.  His general objection to

the trial court's authority is insufficient to put the trial court on notice of the specific arguments he makes on appeal. As a result, Edmonds' non-jurisdictional challenges were waived. Where the circuit court was provided no opportunity to contemporaneously address these questions below, this Court will not address them for the first time on appeal.

## II.

Appellant's reliance on the Virginia Supreme Court's decision in Nelson v. Warden, 262 Va. 276, 552 S.E.2d 73 (2001), holding that subject matter jurisdiction cannot be waived, is misplaced. The statutory provisions cited by Edmonds in support of his argument that the court lacked jurisdiction do not relate to or establish subject matter jurisdiction because they pertain to specific proceedings that are part of particular, individual cases before the court.[3] As such, they govern the circuit court's authority to exercise its subject matter jurisdiction, not the subject of cases that can be heard and ruled upon by circuit courts. "'[S]ubject matter jurisdiction is conferred by statute according to the *subject* of the case, . . . rather than according to a particular proceeding that may be one part of [the] case.'" Mohamed, 56 Va. App. at 99-100, 691 S.E.2d at 515 (alterations and emphasis in original) (quoting In re Commonwealth, 278 Va. 1, 11, 677 S.E.2d 236, 240 (2009)).

## III.

Edmonds requests that, in the event we conclude his arguments were waived, this Court apply the ends of justice exception to Rule 5A:18 to reach the merits of his challenge to the trial court's jurisdiction. For the following reasons, we determine that it is inappropriate to invoke the ends of justice exception in this case.

---

[3] Code § 16.1-289 deals with commitment review hearings, allowing the trial court to review its commitment orders within sixty days of committing a juvenile to the Department. Similarly, the various provisions contained in Code § 16.1-285.2 all set forth the process for initiating and conducting a release and review hearing as part of a particular case.

The ends of justice exception is "narrow and is to be used sparingly." Bazemore v. Commonwealth, 42 Va. App. 203, 219, 590 S.E.2d 602, 609 (2004) (*en banc*). For the exception to apply, the trial court's error must be "clear, substantial, and material," and the record "must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred." West, 43 Va. App. at 338, 597 S.E.2d at 279. However, "[e]rror alone is not sufficient to warrant application of the ends of justice exception." Id. at 339, 597 S.E.2d at 279. When a party avails itself of the exception, this Court makes a dual inquiry to determine: (1) whether the alleged error occurred, and (2) whether application of the exception is necessary to avoid a grave injustice. See Hines v. Commonwealth, 59 Va. App. 567, 572, 721 S.E.2d 792, 794 (2012).

Edmonds argues the order revoking his suspended sentence is void for want of jurisdiction, thereby causing a grave injustice upon him. As discussed above, the trial court did not lack jurisdiction, and therefore the trial court's order was not void, but voidable. With regard to the provisions of Code § 16.1-285.2, Edmonds' alleged errors are without merit.

Code § 16.1-285.2(A) states that "[u]pon receipt of a petition of the Department of Juvenile Justice for a hearing concerning a juvenile committed under Code § 16.1-285.1, the court *shall schedule* a hearing within thirty days," and subsection (E) states that "at the conclusion of the review hearing, the circuit court shall order . . . ." (Emphasis added). The trial court scheduled and initiated a hearing on May 4, 2011, during which it also granted the continuance and scheduled a date for the review hearing. Both of these actions took place twenty-eight days after the April 6, 2011 petition. Regardless of the interpretation of subsection (A), the court was within the thirty-day time period for scheduling and holding the initial hearing, as well as scheduling the continued hearing.

Although the progress report, required to be filed and considered by the court per Code § 16.1-285.2(B) and (C), was not filed prior to the initial hearing, any alleged error was subsequently corrected by presenting the progress report at the hearing and continuing the hearing for the purpose of considering the report. If the purpose of the report is to guide the court's determination, then its purpose is fulfilled where the court and the parties have the opportunity to consider the progress report prior to concluding the review hearing. The circuit court therefore exercised its authority as directed by the statutory provisions. Thus, the record reflects no clear, substantial, and material error. As a result, Edmonds is unable to demonstrate that a miscarriage of justice has occurred, and we decline to invoke the ends of justice exception.

Affirmed.