UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:    Judges Humphreys, McCullough and Senior Judge Haley
Argued at Alexandria, Virginia

TAMIM M. IBRAHIMI

                                                        MEMORANDUM OPINION[*] BY
v.        Record No. 0591-15-4                          JUDGE JAMES W. HALEY, JR.
                                                             MARCH 1, 2016
MICHELE R. IBRAHIMI


                    FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                                David S. Schell, Judge

            John L. Bauserman, Jr., for appellant.

            Raymond D. Battocchi for appellee.


        Tamim Ibrahimi (husband) appeals an order requiring him to pay $18,283.76 in attorney's

fees and costs to Michele Ibrahimi (wife). Husband argues that the trial court erred by (1) awarding

attorney's fees and costs "without first establishing subject matter jurisdiction, where the court

failed to make a ruling upon the underlying action of civil and criminal contempt;" (2) "entering an

order without subject matter jurisdiction where the underlying action was for a rule to show cause

against the Appellant for both 'civil and criminal contempt;'" and (3) awarding attorney's fees and

costs to wife. We find no error, and affirm the decision of the trial court.

                                        BACKGROUND

        "When reviewing a trial court's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting it the benefit of any reasonable inferences."

Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The parties married on June 17, 1999 and separated on June 10, 2010.  On March 14, 2011, the parties entered into a marital settlement agreement (MSA).  On June 29, 2011, the trial court entered a final decree of divorce, which approved, ratified, and incorporated, but did not merge, the MSA.

Pursuant to the MSA, husband was obligated to pay child support to wife.  He also agreed to pay a monetary award of $15,000, in three equal installments of $5,000 each, within three years of the date of the MSA.  Furthermore, if husband failed to pay the monetary award pursuant to the terms in the MSA, then he would be responsible for wife's attorney's fees and expenses if she "is required to seek Court intervention to accomplish such payments."  Lastly, the MSA included a provision that stated "if one party incurs any expenses in the enforcement of any of the provisions of this Agreement, the other will be responsible for and will pay forthwith any and all reasonable expenses incurred, including but not limited to legal fees, court costs, investigator's fees, and travel."

Wife subsequently instituted a show cause proceeding and argued that husband should be held in contempt for failure to comply with the final decree of divorce.  On August 3, 2012, the trial court entered an order and found that husband was not in contempt because he was unemployed.  However, it established a payment system for husband to pay the monetary award and ordered him to continue paying the child support pursuant to the MSA.  Husband was responsible for $1,500 of wife's attorney's fees and costs.

As of August 2014, husband owed wife $32,400 in payments required under the August 3, 2012 order and the final decree of divorce.  He had not paid the monetary award or the attorney's fees award.  Furthermore, from December 2012 until August 2014, he paid child support sporadically.

Wife filed a motion for a show cause order and a motion to compel discovery. Wife's counsel inadvertently did not serve husband with the motion to compel, so wife requested a continuance of the show cause hearing. Husband objected to the continuance, and the trial court denied the continuance. Wife requested a nonsuit, which was granted. She refiled her motion for a show cause order.

A hearing for the show cause was scheduled for March 2015. Prior to the hearing, husband paid off all amounts due, plus interest, except for the attorney's fees. Wife had filed a motion for attorney's fees and costs for the show cause matter. She submitted evidence showing that she incurred $18,283.76 in fees and costs. The trial court found the amount to be "reasonable" and awarded her the full amount. On March 12, 2015, the trial court entered a final order. Husband signed the order as "Seen and objected to." On April 1, 2015, husband filed a motion to reconsider or rehear, and on April 7, 2015, the trial court denied the motion because it no longer had jurisdiction pursuant to Rule 1:1.[1] This appeal followed.

ANALYSIS

*Assignments of error #1 and 2*

Husband acknowledges that he did not preserve his first and second assignments of error, but asks the Court to consider them pursuant to the ends of justice exception. For the first assignment of error, husband contends, "The trial court materially erred as a matter of law by entering an award of attorney's fees and costs against the Appellant without first establishing

---

[1] Although husband timely filed his motion to reconsider or rehear, he did not present or secure the entry of an order suspending the finality of the March 12, 2015 order, which became final on April 2, 2015. Rule 1:1. Noting this, on April 7, 2015, the trial court entered an order denying the motion to reconsider or rehear. That ruling is not appealed. Therefore, we consider the case on the pre-order record, the March 12, 2015 order, and the exceptions noted on that order.

subject matter jurisdiction, where the court failed to make a ruling upon the underlying action of civil and criminal contempt." For the second assignment of error, husband asserts,

> The trial court materially erred as a matter of law by entering an order without subject matter jurisdiction where the underlying action was for a rule to show cause against the Appellant for both "civil and criminal contempt," in that the court failed either to amend the rule, or to transfer the case from the equity to the law side of the court and substitute the Commonwealth as a party to the proceeding, and without amending the rule to solely civil contempt, and where the Appellee's attorney had a clear conflict of interest in that her attorney had previously represented her interests in civil litigation against the Appellee.

In both the first and second assignments of error, husband argues that the trial court did not have subject matter jurisdiction. A party may challenge the subject matter jurisdiction of a circuit court at any time; however, "a trial court's alleged lack of authority to exercise its jurisdiction must be raised before the trial court and preserved like any other argument." Mohamed v. Commonwealth, 56 Va. App. 95, 101, 691 S.E.2d 513, 516 (2010) (citation omitted).

In this case, the circuit court clearly had subject matter jurisdiction to enter and enforce the final decree of divorce and August 3, 2012 order. See Code §§ 20-96 (the circuit court has jurisdiction for divorce) and 20-109.1 ("Where the court affirms, ratifies and incorporates by reference in its decree such agreement or provision thereof, it shall be deemed for all purposes to be a term of the decree, and enforceable in the same manner as any provision of such decree."). This Court has held that a trial court could enforce an agreement that was affirmed, ratified, and incorporated, but not merged, under contract law or contempt power. Rubio v. Rubio, 36 Va. App. 248, 253, 549 S.E.2d 610, 613 (2001) (*en banc*). The MSA does not contain language requiring the circuit court to find appellant in contempt before it can enforce the terms of the agreement. Therefore, the circuit court had subject matter jurisdiction to enforce the terms of the MSA.

- 4 -

On appeal, husband's arguments relate to the circuit court's authority to exercise its jurisdiction. He admits that he did not raise his arguments below. Consequently, this Court is precluded from considering them on appeal. Mohamed, 56 Va. App. at 102, 691 S.E.2d at 516.

Husband asks the Court to consider his arguments pursuant to the ends of justice exception. "Our Supreme Court has stated that the '[a]pplication of the ends of justice exception is appropriate when the judgment of the trial court was error and application of the exception is necessary to avoid a grave injustice or the denial of essential rights.'" Id. (quoting Charles v. Commonwealth, 270 Va. 14, 17, 613 S.E.2d 432, 433 (2005)). "However, the exception is only invoked in narrow circumstances when '[t]he record . . . affirmatively show[s] that a miscarriage of justice has occurred, not that a miscarriage might have occurred.'" Id. (quoting Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) (internal quotation marks and citation omitted)).

"Application of the ends of justice exception is appropriate when the judgment of the trial court was error and application of the exception is necessary to avoid a grave injustice or the denial of essential rights." Charles, 270 Va. at 17, 613 S.E.2d at 433 (citing Cooper v. Commonwealth, 205 Va. 883, 889, 140 S.E.2d 688, 693 (1965)). "Both requirements are essential . . . ." Masika v. Commonwealth, 63 Va. App. 330, 335, 757 S.E.2d 571, 573 (2014).

Therefore, we first must consider whether the trial court's ruling of awarding attorney's fees was error. "[A]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." Richardson v. Richardson, 30 Va. App. 341, 351, 516 S.E.2d 726, 731 (1999) (quoting Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987)).

On March 12, 2015, the parties appeared before the trial court on wife's motion for attorney's fees. She explained to the trial court that husband did not comply with his child

support payments or monetary award payments. She had to go to court to enforce the terms of their MSA and the August 2012 order. Wife stated, "Instead of paying, he resisted at every turn." Wife submitted attorney's fee bills, reflecting a balance of $18,283.76. Husband argued that he would have paid, but wife's counsel never clarified the expenses. Husband claimed that wife's counsel made errors, and those errors accounted for "the continuous refilings and redocketing of these motions." The trial court noted that paragraph 15 of the MSA stated that "if one party incurs any expenses in the enforcement of any of the provisions of this agreement, the other party will be responsible for and will pay forthwith any and all reasonable expenses incurred, including but not limited to attorney's fees, court costs, investigator's fees, and travel." The trial court found that wife had to go to court to enforce the terms of the MSA and that she was entitled to "some reimbursement for reasonable expenses." The trial court then asked what was reasonable under these circumstances. Although husband argued that wife's counsel made mistakes and he should not have to pay for them, the trial court found that husband was "not always as forthcoming as he argues to the Court." The trial court held that there was "substantial noncompliance by the ex-husband" and that wife's request for attorney's fees in the amount of $18,283.76 was reasonable.

"[T]he key to a proper award of counsel fees [is] reasonableness under all of the circumstances revealed by the record." McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985). Considering the totality of the record, the trial court did not err in awarding $18,283.76 to wife for her attorney's fees and costs.

Since the trial court did not make an error in its judgment, the ends of justice exception does not apply, and this Court will not consider husband's first and second assignments of error.

*Assignment of error #3*

In his third assignment of error, husband argues that the trial court erred in awarding attorney's fees to wife. As noted above, the trial court did not err in its award.

*Attorney's fees and costs incurred on appeal*

Wife asks this Court to award her attorney's fees and costs incurred on appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

Having reviewed and considered the entire record in this case, we find husband's appeal to be frivolous. Given that wife prevailed and husband's arguments were without merit, we hold that wife is entitled to a reasonable amount of attorney's fees and costs, and we remand for the trial court to set a reasonable award of attorney's fees and costs incurred by wife in this appeal. Rule 5A:30(b); see also Marks v. Marks, 36 Va. App. 216, 218-19, 548 S.E.2d 919, 920 (2001). The trial court on remand must determine the appropriate amount to award wife. In making this determination, the trial court should consider that the arguments husband made on appeal were found to be without merit. See Bchara v. Bchara, 38 Va. App. 302, 318, 563 S.E.2d 398, 406 (2002).

CONCLUSION

For the foregoing reasons, the trial court's ruling is affirmed. We remand this case to the trial court for determination and award of the appropriate appellate attorney's fees and costs, which also should include any additional attorney's fees and costs incurred at the remand hearing.

Affirmed and remanded.