COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Huff, Fulton and White
Argued at Norfolk, Virginia


VERNON EUGENE HANNAH, S/K/A
 DONALD LASSITER
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0700-22-1                       JUDGE GLEN A. HUFF
                                                        APRIL 4, 2023
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                            John W. Brown, Judge

            Michelle C. F. Derrico, Senior Appellate Attorney (Virginia
            Indigent Defense Commission, on briefs), for appellant.

            Rebecca M. Garcia, Assistant Attorney General (Jason S. Miyares,
            Attorney General, on brief), for appellee.


        Vernon Eugene Hannah ("appellant") appeals the revocation and resuspension of his

sentence—based on a finding that he violated his probation—from a 2017 misdemeanor

conviction.  For that conviction, he was originally sentenced to twelve months in jail with eight

months suspended and an indefinite two-year-minimum period of probation.  In May 2022, the

Circuit Court for the City of Chesapeake (the "trial court") found appellant in violation of his

probation for using illegal or unauthorized drugs.  After revoking appellant's misdemeanor

sentence, the trial court reimposed the same terms and conditions of the original sentence,

including the two-year-minimum indefinite probationary period.

        Appellant challenges that ruling first on the ground that recent amendments to the statutes

governing revocation proceedings divested the trial court of subject matter jurisdiction over

_____

        [*] This opinion is not designated for publication.  See Code § 17.1-413.

appellant's case. Second, appellant claims the evidence was insufficient to convict him of violating probation.

As a matter of course, this Court possesses jurisdiction to rule on the issue of subject matter jurisdiction. In finding that the trial court possessed subject matter jurisdiction over appellant's revocation proceedings, this Court concludes that it too may exercise jurisdiction over the merits of appellant's appeal. Nevertheless, this Court determines that appellant's arguments are procedurally defaulted because neither was preserved in the trial court. Consequently, this Court declines to consider the merits of appellant's arguments and affirms the trial court's judgment.

## I. BACKGROUND

After a bench trial in March 2017, appellant was convicted of one felony count of forging a public record and one misdemeanor count of providing false identification to a law enforcement officer. The trial court sentenced appellant to five years with two years suspended for the felony count and twelve months with eight months suspended for the misdemeanor count. In addition to requiring five years of good behavior, the trial court placed appellant on probation "[f]or an indeterminate period, a minimum of two (2) years supervised, to be released thereafter in the discretion of the Probation Officer upon successful completion of the terms of probation." Appellant was released from prison on May 6, 2020, and reported to his probation officer in Chesapeake, Virginia, that same day.

Condition 8 of appellant's probation prohibited the unlawful use, possession, or distribution of "controlled substances or related paraphernalia." In violation of that condition, appellant tested positive for various controlled substances—including ETG, fentanyl, opiates, and THC—on March 25, 2021; July 22, 2021; September 23, 2021; and December 13, 2021. As a result, appellant's probation officer issued a major violation report detailing the four positive

drug tests in violation of the conditions of appellant's probation. Subsequently, appellant tested positive for controlled substances on three more occasions: January 19, 2022; February 28, 2022; and March 30, 2022.

Effective July 1, 2021, the General Assembly amended and reenacted several statutes related to sentence suspension and revocation, which included a bar on indefinite periods of suspension and probation. 2021 Va. Acts Spec. Sess. I ch. 538 (effective July 1, 2021).

In response to the 2021 probation violation report, the trial court issued a show cause order to appellant on February 8, 2022. It then held a revocation hearing on May 2, 2022. At no point during the trial court's proceedings did appellant object to the sufficiency of the Commonwealth's evidence—that appellant tested positive for drugs—as to the Condition 8 violation. Instead, at the close of the Commonwealth's evidence, defense counsel argued that the court should not revoke the suspended sentence for appellant's misdemeanor conviction because his probation should have already expired. The following captures the entirety of the exchange between the court and both parties on this matter:

> MS. STEVENSON [DEFENSE COUNSEL]: No evidence from me, Judge. Just as it relates to the misdemeanor the -03 count that he's on probation for, he started out in 2020. I would ask the Court now finding him in violation – only to find him in violation of the [felony] -00 count for which he has 2 years of suspended time hanging over his head on that forgery. The misdemeanor false identification –
>
> THE COURT: Commonwealth?
>
> MS. KANE [THE COMMONWEALTH]: Nothing further, Your Honor.
>
> MS. STEVENSON: I didn't hear her response.
>
> THE COURT: She said nothing further, but you didn't address her part about the misdemeanor.
>
> MS. KANE: Your Honor, the underlying conviction order from 2017 did put him on good behavior as well as supervised probation for a minimum of 2 years. The requirement that's now in place

where you can only suspend it for the maximum period would not apply. I would contend while it's a Condition 8, continued drug use is a violation of good behavior.

THE COURT: Back to you, Ms. Stevenson.

MS. STEVENSON: It's not parsed out. I do see where it says indefinite, but we recognize a misdemeanor is not going to be the same as a felony. It says 2 years minimum. I do recognize that's what's in the order. It's part of my argument that the probation period would have ended on the misdemeanor.

THE COURT: The Court will find him guilty of Condition 8 pursuant to the probation violation. I'll find it on both of them. I think it's going to wind up settling itself later on if it gets down to a situation where he is going to jail for 8 months, but that's not today.

As reflected above, the trial court determined that appellant had violated Condition 8 of his probation on both the underlying felony and misdemeanor counts. It then revoked both of appellant's suspended sentences and "resuspend[ed] on the same terms and conditions" as the original 2017 sentencing order, including the indefinite probation period for a minimum of two years. This appeal followed.

## II. ANALYSIS

Appellant's first assignment of error alleges that the trial court erred in finding him in violation of his misdemeanor probation "when the violation occurred almost five years after the suspension . . . and the probationary period should have expired." Specifically, appellant argues that the trial court did not have subject matter jurisdiction to revoke and resuspend his misdemeanor sentence because recent statutory amendments cut short his period of probation. In his second assignment of error, appellant contends that the trial court erred in finding the evidence sufficient to establish that he violated probation. In particular, he asserts that the Commonwealth failed to prove his violation was "willful."

- 4 -

Because appellant's first argument challenges the trial court's subject matter jurisdiction, this Court first addresses whether it has jurisdiction over appellant's case.[1] In concluding that the trial court possessed subject matter jurisdiction to revoke and resuspend appellant's sentences, this Court determines that the sentencing order was not void ab initio and that this Court has jurisdiction over the merits of appellant's appeal. Nevertheless, because appellant did not preserve his arguments below, this Court does not reach the merits of his assignments of error, which are procedurally barred by Rule 5A:18.[2]

A. Jurisdiction Over Appeal

Whether a trial court possesses subject matter jurisdiction is a question of law this Court considers de novo. *Knight v. Ottrix*, 69 Va. App. 519, 523 (2018). This Court "always has jurisdiction to determine whether it has subject matter jurisdiction[,]" even if it ultimately concludes that the trial court did not. *Pure Presbyterian Church of Washington v. Grace of God Presbyterian Church*, 296 Va. 42, 50 (2018) (quoting *Morrison v. Bestler*, 239 Va. 166, 170 (1990)).

Generally speaking, jurisdiction refers to the court's "power to adjudicate a case upon the merits and dispose of it as justice may require." *Id.* at 49 (quoting *Shelton v. Sydnor*, 126 Va. 625, 629 (1920)). "In order for a court to have the authority to adjudicate a *particular* case upon the merits, to have what we have termed 'active jurisdiction,'" it must also have subject matter

---

[1] *See Pure Presbyterian Church of Washington v. Grace of God Presbyterian Church*, 296 Va. 42, 50 (2018) (holding that a court "always has jurisdiction to determine whether it has subject matter jurisdiction" (quoting *Morrison v. Bestler*, 239 Va. 166, 170 (1990))).

[2] "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. Nowhere in his appeal has appellant requested that this Court invoke the "good cause" or "ends of justice" exceptions, and this Court will not do so of its own accord. *Hogle v. Commonwealth*, 75 Va. App. 743, 756 (2022); *see also* Rule 5A:20.

jurisdiction.[3] *Id.* (emphasis added) (quoting *Farant Inv. Corp. v. Francis*, 138 Va. 417, 427-28 (1924)).  Subject matter jurisdiction "is the authority granted through constitution or statute to adjudicate a class of cases or controversies." *Morrison*, 239 Va. at 169.

Without subject matter jurisdiction, a court's "judgment on the merits . . . is null and void." *Pure Presbyterian*, 296 Va. at 49 (quoting *Morrison*, 239 Va. at 170); *see also Cilwa v. Commonwealth*, 298 Va. 259, 266 (2019) ("In the eyes of the law, such an order is not merely an erroneous order—it is no order at all.").  Consequently, an order rendered void ab initio for lack of subject matter jurisdiction can be challenged at any time, even for the first time on appeal. *See, e.g.*, *Pure Presbyterian*, 296 Va. at 56; *Smith v. Commonwealth*, 281 Va. 464, 467 (2011).

In contrast, an order entered by a court having subject matter jurisdiction but lacking "active jurisdiction" over a particular case is not void but *voidable*.  "The distinction between an action of the court that is void *ab initio* rather than merely voidable is that the former involves the underlying authority of a court to act on a matter whereas the latter involves actions taken by a court which are in error." *Singh v. Mooney*, 261 Va. 48, 51 (2001).  Therefore, because "[t]he validity of a judgment based upon a challenge to the application of a statute raises a question of trial error, and not a question of jurisdiction," if the trial court "has jurisdiction of the subject matter of the controversy, and the parties are [properly] before it, . . . a mistaken exercise of that jurisdiction does not render its judgment void." *Pure Presbyterian*, 296 Va. at 56 (quoting *Parrish v. Jessee*, 250 Va. 514, 521 (1995)).  Instead, such a judgment "is merely voidable" and can only be challenged on appeal if the appellant properly preserves his arguments in compliance

---

[3] Subject matter jurisdiction is sometimes also referred to as "potential jurisdiction." *See, e.g.*, *Mohamed v. Commonwealth*, 56 Va. App. 95, 99 (2010); *Smith v. Commonwealth*, 281 Va. 464, 467 (2011) ("Subject matter jurisdiction standing alone is, however, only the 'potential' jurisdiction of a court over the subject matter."); *Whitt v. Commonwealth*, 61 Va. App. 637, 649 (2013) ("A court must possess both 'potential' and 'active jurisdiction' to adjudicate the merits of a case.")

with the procedural requirements for appellate review. *Parrish*, 250 Va. at 521; *see also Mohamed v. Commonwealth*, 56 Va. App. 95, 102 (2010) ("[F]ailure to raise the issue of the [trial] court's authority to exercise its jurisdiction at the revocation hearing precludes [this Court's] review of the trial court's actions.").

Despite appellant's acknowledgment that "[p]robation and the revocation of a suspended sentence are statutory creations," he contends the legislature's 2021 amendment to Code § 19.2-303.1 applied retroactively and "amended the subject matter jurisdiction of the trial court over revocations." Specifically, appellant argues that the amendment "has unequivocally shortened the period of review" for probation revocations—thus limiting "the jurisdiction of the trial court"—by capping the period of probation a court can impose at the maximum penalty for the associated crime.

For a misdemeanor, that limit would be up to twelve months. *See* Code § 18.2-11. Because the trial court revoked appellant's misdemeanor sentence after he had completed one year of probation, appellant asserts that Code § 19.2-303.1 stripped the trial court of jurisdiction over appellant's misdemeanor conviction, thus rendering its revocation and resuspension of that sentence a nullity.[4] This Court finds otherwise.

The General Assembly has authorized trial courts to exercise subject matter jurisdiction over criminal cases. *See* Code § 17.1-513; *Porter v. Commonwealth*, 276 Va. 203, 229 (2008) (recognizing that Code § 17.1-513 is a statutory grant of subject matter jurisdiction to trial courts). "[P]roceedings for the revocation of probation are part of the criminal process entrusted to the [trial] courts by the General Assembly." *Mohamed*, 56 Va. App. at 100. As such, "[p]roceedings for revocation and suspended sentences are within the subject matter jurisdiction

---

[4] At oral argument, both appellant and the Commonwealth agreed that the terms of the original 2017 sentence were legal under the then-existing statutory scheme.

of the circuit courts" and are "governed by statute." *Dunham v. Commonwealth*, 59 Va. App. 634, 637, 640 (2012).

In contrast, Code §§ 19.2-303 through -306.1 "govern the *procedures* for the trial court's exercise of authority over suspended sentences, probation, and revocation proceedings" in individual cases. *Cilwa*, 298 Va. at 269 (emphasis added). Those statutes do not "grant[] a trial court categorical judicial power over criminal cases or their attendant proceedings, and thus, . . . [cannot] reasonably be read to strip a trial court of subject matter jurisdiction if the court violates those procedures." *Id.* Consequently, the 2021 amendments to those statutes merely place new limitations on a trial court's exercise of its "active" jurisdiction but do not strip it of subject matter jurisdiction over revocation proceedings generally. *See, e.g.*, Code § 19.2-306.1(C) (prohibiting the trial court from imposing an active sentence of incarceration for a defendant's first "technical violation" of probation).

By dictating *how*, rather than *whether*, a trial court may exercise its authority to suspend sentences, revoke sentences, and impose probation, the statutes at issue constitute expressions of the court's "active" jurisdiction. As a result, the trial court's sentencing order issued pursuant to those statutes is not void ab initio for a lack of subject matter jurisdiction, as appellant claims. Accordingly, this Court also possesses subject matter jurisdiction to resolve appellant's claims on their merits.

### B. Appellant's First Assignment of Error Is Procedurally Barred by Rule 5A:18

Despite having determined that this Court has jurisdiction over the merits of appellant's arguments, this Court nevertheless finds that a review of those merits is barred by appellant's failure to comply with the procedural requirements of Rule 5A:18.[5] As explained above, the trial

---

[5] Appellant's first assignment of error suffers from an additional procedural deficiency that is equally fatal to his appeal. Rule 5A:20(c) requires appellants to clearly state their assignments of error in the opening brief. *See* Rule 5A:20(c)(2) ("An assignment of error that

- 8 -

court's sentencing order was merely voidable, provided appellant properly preserved his challenge to the trial court's active jurisdiction over his misdemeanor revocation proceedings.[6] Appellant's failure to do so thus bars this appeal.[7]

Appellant argued below that the trial court should not revoke and resuspend his probation on his misdemeanor count because "the probation period would have ended on the misdemeanor." Yet, on appeal, appellant argues that the amended statutes altered "the subject matter jurisdiction of the trial court over revocations." Moreover, appellant confines his arguments on appeal to the effect of Code § 19.2-303.1, which governs a trial court's discretion to "fix the period of suspension" of a sentence but says nothing about the trial court's authority to conduct revocation proceedings on

---

does not address the findings, rulings, or failures to rule on issues in the trial court or other tribunal from which an appeal is taken, or which merely states that the judgment or award is contrary to the law and the evidence, is not sufficient. If the assignments of error are insufficient, the appeal will be dismissed."). A failure to do so cannot be cured by appellant's inclusion of specific arguments in the brief that are not encompassed by the assignment of error as written. *See Davis v. Commonwealth*, 282 Va. 339, 339 (2011)

Here, appellant's first assignment of error merely alleges that the trial court erred in finding him in violation of his probation when "the probationary period should have expired." That statement does not match the subsequent arguments in appellant's brief, which focus exclusively on whether the retroactive application of Code § 19.2-303.1 divests the trial court of jurisdiction. The trial court made no findings of fact or conclusions of law regarding those specific issues, and they are not encapsulated by appellant's assignment of error. Accordingly, because appellant has not complied with the requirements of Rule 5A:20(c), his first assignment of error is procedurally barred on these additional grounds.

[6] *See Mohamed*, 56 Va. App. at 101 ("While the authority to *exercise* jurisdiction is a type of jurisdiction, it is distinct from subject matter jurisdiction" and "unlike a lack of subject matter jurisdiction, which can be raised at any time in a proceeding or for the first time on appeal, a trial court's alleged lack of authority to exercise its jurisdiction must be raised before the trial court and preserved like any other legal argument." (emphasis added)).

[7] Despite using the term "subject matter jurisdiction," appellant's arguments are not actually challenges to the trial court's "potential" or subject matter jurisdiction to hear revocation proceedings pursuant to Code §§ 19.2-303 through -306.1. As discussed above, his assertion that the trial court lacked jurisdiction over his individual revocation proceedings—because the period of probation should have expired under Code § 19.2-303.1—is by its very nature a challenge to the trial court's exercise of its statutory authority, i.e., "active jurisdiction." This categorical distinction is based solely on the substance of appellant's arguments, not by whatever label he applies to them.

- 9 -

alleged probation violations. *See Commonwealth v. Shifflett*, 257 Va. 34, 44 (1999) (holding that appellant should not "put a different twist on a question [on appeal] that is at odds with the question presented to the trial court").

Appellant points to the court's response as evidence that it was on notice of the issues he now raises on appeal. This Court disagrees. Appellant's request that the court only find him in violation of the felony count was based solely on the contention that his probation for the misdemeanor count "would have ended" because the original sentencing order from 2017 "says 2 years minimum." That unsupported claim, on its face, was not specific enough to put the trial court on notice of the arguments appellant now raises, nor did it give the trial court an opportunity to make an intelligent ruling. *See Brown v. Commonwealth*, 279 Va. 210, 217 (2010) ("Rule 5A:18 requires a litigant to make timely and specific objections, so that the trial court has 'an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals.'" (quoting *West v. Commonwealth*, 43 Va. App. 327, 337 (2004))).

To the contrary, the trial court could have reasonably believed that appellant was merely asking it to interpret the original 2017 order and determine whether his probation had expired under its terms over the past five years. Supporting this conclusion, the trial court expressed no ruling or opinion as to the effects of the 2021 statutory amendments in its judgment. Nor did the trial court make any ruling about its jurisdiction or the retroactivity of any of the statutory amendments.[8]

---

[8] Appellant also contends that the Commonwealth's response to his objection on this matter was sufficient to put the trial court on notice of the claims he now raises on appeal. However, the Commonwealth only stated: "The requirement that's now in place where you can only suspend it for the maximum period would not apply." That statement by itself is not sufficiently specific, nor did appellant "contradict or even respond" to that statement. *See West*, 43 Va. App. at 340 ("Because appellant did not contradict or even respond to this statement, the trial court was never asked to rule on the issue [now raised on appeal]. . . . Therefore, the issue is not preserved for appeal."). Because appellant did not mention any specific statutory amendments, their retroactivity, or their effect on the trial court's subject matter jurisdiction, this Court finds that neither party's vague statements informed the trial court of a jurisdictional challenge upon which it needed to rule.

Appellant's first assignment of error was therefore not preserved for appellate review. Accordingly, this Court does not reach the merits of that claim.

### C. Appellant's Second Assignment of Error Is Procedurally Barred by Rule 5A:18

This Court also finds that appellant's second assignment of error challenging the sufficiency of the Commonwealth's evidence was not preserved. Appellant argues for the first time on appeal that the Commonwealth's evidence was insufficient because it failed to show that appellant's conduct was "willful" instead of simply negligent. He contends that the trial court erred in finding him in violation of his terms of probation without first requiring the Commonwealth to prove that appellant's violation of Condition 8 was "willful."[9]

Appellant did not raise that particular argument in the trial court, nor did he provide any reason or opportunity for the trial court to take notice of and render a ruling upon such claim. Indeed, the record is devoid of any reference to such a claim. Consequently, appellant's second assignment of error is procedurally defaulted under Rule 5A:18.

### III. CONCLUSION

Appellant's failure to properly preserve both assignments of error on appeal precludes this Court from reaching the merits of appellant's claims. This Court therefore affirms the trial court's judgment.

*Affirmed.*

---

[9] Appellant claims he did not know that the marijuana he used included other drugs, which he would not have willfully consumed.